SPANN *et al. vs.* THE BOARD OF COMMISSIONERS, ETC., OF WEBSTER COUNTY.

1. Prior to the constitution of 1877, where one hundred per cent. of a county tax of one hundred and forty-two and one-half per cent. on the state tax was recommended by the grand jury, and items amounting to fifty-five per cent. or more, needed no recommendation, the whole would stand.
2. Under the constitution of 1877, a county cannot levy a tax for "incidental expenses," nor to buy a safe, without the assent of two-thirds of the voters at an election held for that purpose. An assessment for "expenses of jail" is equivalent to a levy "to maintain and support prisoners," and is constitutional.

Tax. Constitutional law. Before Judge CRISP. Webster County. At Chambers. December 6, 1879.

Reported in the decision.

GEORGE THORNTON; D. B. HARRELL; HAWKINS & HAWKINS, for plaintiffs in error.

GUERRY & SON; B. P. HOLLIS; J. B. HUDSON, for defendants.

JACKSON, Justice.

The commissioners of roads and revenues of the county of Webster levied a tax of one hundred and forty-two and one-half per cent. upon the state tax for county purposes for the year 1879, and complainants brought this bill in equity to enjoin its collection; the chancellor refused the writ of injunction prayed for, and on this judgment of refusal error is assigned in this court. The assessment of taxes levied is for expenses superior court, thirty-five per cent.; for repair of bridges, fifty-five per cent.; for payment for iron safes for the county, twenty-two per cent.; for paupers, twelve and one-half per cent.; for expenses of jail, six per cent.; for incidental expenses, twelve per cent.

On the item of six per cent. for the jail, twelve per cent. for incidental expenses, and twenty-two per cent. for iron safes, special error is assigned as being each illegal, and to the entire levy as being over one hundred per cent., which was the limit of the recommendation of the grand jury.

1. Many of the items did not need the recommendation of the grand jury to legalize them, and if one hundred per centum was recommended and the excess needed no recommendation, then, according to the decision in *Arnett vs. Griffin*, 60 *Ga.*, 349, the entire levy would stand as the law was at the date of that ruling. Here fifty-five per centum for bridges did not need any recommendation, according to the decision in the same case, and without considering other items which did not require the recommendation of the grand jury, this alone reduces the total levy needing recommendation below one hundred per centum, and the tax is valid according to *Arnett vs. Griffin.*

2. But the plaintiffs in error insist that the constitution of 1877 has changed the law, and that under that constitution the three items of six per centum for the jail, twelve per centum for incidental expenses, and twenty-two per centum for iron safes, are all unconstitutional and void.

The second paragraph of the sixth section of the seventh article of that constitution is in these words: "The general assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes in instructing children in the elementary branches of an English education only; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts *heretofore existing.*"

Paragraph one of section seven of the same article is as follows: "The debt hereafter incurred by any county, municipal corporation, or political division of this state, except as in this constitution provided for, shall never exceed seven per centum of the assessed value of all the

taxable property therein, and no such county, municipality or division shall incur any new debt except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one-fifth of one per centum of the assessed value of taxable property therein, without the assent of two-thirds of the qualified voters thereof, at an election for that purpose to be held as may be prescribed by law; but any city, the debt of which does not exceed seven per centum of the assessed value of the taxable property at the time of the adoption of this constitution, may be authorized by law to increase at any time the amount of said debt three per centum upon such assessed valuation."

The tax for expenses of jail is equivalent to a levy "to maintain and support prisoners," and is authorized by the second paragraph of the sixth section of article seven of the constitution of 1877 above cited.

The tax for incidental expenses is not authorized by either of the paragraphs cited, nor by any other clause of the constitution of 1877 of which we are aware, or to which our attention has been directed; it is a very loosely worded item, under which many expenses, incident to *what* is not specified, and is impossible to be ascertained from the language used, might be incurred and paid against the spirit of the present constitution by taxation, which the legislature, since the adoption of the constitution of 1877, could not delegate to any county; and which, therefore, as all taxing power must flow from the general assembly, no county can now impose. Code, §§ 516, 518.

The levy of twenty-two per centum for iron safes is not mentioned in the purposes enumerated in said second paragraph of the sixth section and seventh article; nor are there words therein which, without much latitude of construction, can be construed to authorize the tax. Besides, the purchase of these safes is the creation of a new debt since the adoption of the constitution of 1877, and expressly prohibited by the first paragraph of the seventh section of article seven, "without the assent of two-thirds of the qualified

voters of the county at an election for that purpose, to be held as may be prescribed by law." No such election has been held, and a new debt, without its sanction as a condition precedent, cannot be imposed.

The prohibition is emphatic: "And no such county, municipality or division shall incur *any new debt*, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one-fifth of one per centum of the assessed value of taxable property therein," without the sanction of such a vote.

At the last term, in the case of *Hudson et al. vs. Mayor, etc., of Marietta*, this construction was given to this paragraph of the constitution, and the city of Marietta was enjoined from incurring a new debt, since the adoption of the constitution of 1877, for the purchase of a steam fire engine for city purposes. That case covers this item of taxation in this case, and the principle ruled then by two justices of this court is affirmed by a full bench.

It was the purpose of the framers of that constitution to tap the root of that system of indebtedness by counties, cities and towns, which was growing into immense proportions and spreading mildew and blight everywhere over the land; and it is made our duty by the same constitution to declare all laws in violation of its provisions and prohibitions to be null and void. Par. 2, sec. 4, art. 1, const. 1877.

These safes might have been bought on a credit and a debt incurred therefor prior to this constitution, Code, §§497–502; and they may be bought still, if the county should have surplus funds from any source to pay cash for them, Code, §528 ; or if the debt be incurred with the assent of two-thirds of the voters of the county, but not otherwise. We think, therefore, that the injunction should be granted to stay the collection of the tax for incidental expenses and for the iron safes.

Judgment reversed.