## THE MAYOR, ETC., OF CARTERSVILLE *vs.* BAKER.

Unless there is something in the charter of a municipal corporation which forbids the building of school-houses, the city may do so. This is within the scope of the general powers of a municipal corporation, and is not prohibited by the constitution of 1877.

(*a.*) The act of 1872 confers this power in terms.

September 9, 1884.

Municipal Corporations. Education Schools. Constitutional Law. Before Judge FAIN. Bartow Superior Court. July Term 1884.

Thomas H. Baker filed his bill against the Mayor and

Aldermen of the city of Cartersville, alleging, in brief, as follows: The defendants have passed a resolution appropriating $1,500.00 to build a school-house in the corporate limits of the city, and are proceeding to make contracts and expend that amount for such purpose, having contracted for brick and having employed an architect. The lot on which this building is to be erected is a large, open lot, and was given to defendants on the express condition that they would erect a school-house on it. Hearing of the probability of this bill, the defendants have also contracted to employ counsel to resist it. These sums will be paid from the treasury of the city, although no election was held to determine as to such expenditures or the con- tracting of such a debt. It was charged that the defend- ants had no power to hold property, except for municipal purposes, and that this entire proceeding was illegal. The prayer was for injunction to restrain any further action in that line.

Defendants answered, admitting most of the facts alleged by complainant, but denying any illegality or the contract- ing of any debt, and asserting the right to make the ex- penditure sought to be enjoined. The answer also stated that the city was intersected by a railroad; that there was only one school building owned by the city; that it was insufficient, and that there was danger to children crossing the railroad in order to reach it; that there was no public school system in Cartersville; and that the municipal authorities would allow some satisfactory teacher to teach in the building to be erected, making his own terms with his patrons, the building remaining under the control of defendants, and they requiring such teacher (or teachers) to conform to the state law, so as to obtain the benefit of the state school fund, so that the children within the legal age who might attend might, to that extent, have their tui- tion paid by the state.

The case was heard on the bill and answer. The chan- cellor granted the injunction, and defendants excepted.

MILNER & HARRIS ; GRAHAM & GRAHAM, for plaintiffs in error.

J. A. BAKER, by brief, for defendant.

BLANDFORD, Justice.

The question presented in this case is, whether the city of Cartersville can erect a school-house on a lot belonging to the city, and which was dedicated to the city for school purposes, out of the funds of the city in the treasury.

Unless there is something in the charter of the city which forbids the building of school-houses, then, we think, without express authority, the city might build a school-house; that this is within the scope of the general power of a municipal corporation. 5 *Ga.*, 561; 52 *Id.*, 211. The constitution of 1877 does not prohibit the expenditure proposed. Code, §§5189, 5191, 5195, 5207; 64 *Ga.*, 498.

If there was any doubt about the power of this corporation to aid in the building up and the endowment of schools and institutions of learning, the 14th section of the act of 27th of August, 1872, solves all doubts or difficulties. By this section, express authority is conferred on the corporation, "to aid in the building up of such schools, institutions of learning, as they may think proper." Now we think to aid in building up a school clearly implies the power to build a house for that purpose, as a school could not well be carried on without a house for teachers and pupils. Hence we are of the opinion that the injunction granted in this case, restraining the plaintiff in error from erecting the school building, was erroneous.

Let the judgment be reversed.