CABANISS *vs.* HILL.

MANDAMUS, FROM HABERSHAM. Ordinary. County Matters. Constitutional Law. Mandamus. (Before Judge Estes.)

Jackson, C. J.—1. Certain iron doors, cells, pipes for sewers, etc., were furnished to a county, under a contract which provides that the contractors agreed "to take and accept the sum of $3,510 in warrants on County Treasurer, payable on December 25, 1884, and bearing eight per cent. interest after that date until paid, in full payment for said cells and wrought iron works." At the November term of the Court of Ordinary orders were issued to "pay out of any money now being collected for new jail fund:"

Semble, that this contract created a new debt and was unconstitutional. 64 Ga., 500, 286.

2. If the orders were not within the constitutional prohibition, by reason of being drawn on taxes already levied for the jail, yet where it appeared that the fund on which they were drawn was exhausted, the

orders ceased to be of avail; if a debt remained, it was an unliquidated claim on an account, and a mandamus for the purpose of compelling the Ordinary to levy a tax to pay the amount claimed by the holder of, the orders, was properly refused.

(a.) To raise money by taxation is a high prerogative, and where fraud in the contract and failure of consideration are pleaded, the proof of the justice and legality of the claim should be equivalent to a debt. of record or the judgment of some court making it a debt of record, be-- fore a mandamus absolute to require the levy of a tax to pay such claim should be granted.

Judgment affirmed.

H. V. Washington, for plaintiff in error.

H. S. West; Louis Davis, for defendant.