HOWELL v. THE MAYOR AND COUNCIL OF ATHENS.

1. The true construction of the act approved February 28th, 1874 (Acts of 1874, p. 176), entitled "An act to amend the charter of the city of Athens, and for other purposes," is that it contemplates a system of registration for only one election annually, and consequently that the system is confined to the election of municipal officers. It follows that at the time of holding the election to determine the question of issuing water-works bonds, this election having been held on September 30th, 1892, there was no statutory requirement upon the municipal authorities to order registration as a preliminary to this election.

2. According to the principle decided in *Kaigler* v. *Roberts*, 89 *Ga.* 476, 15 S. E. Rep. 542, the act of 1878, embraced in §508(1) of the code, lays down the rule for determining whether or not two thirds of the qualified voters of the city voted in favor of issuing the bonds in question, that rule being that the tally-sheet of the last preceding general election shall be taken as a correct enumeration of the qualified voters.                    *Judgment affirmed.*

February 2, 1893.

Before Judge HUTCHINS. Clarke county. December 28, 1892.

In response to a rule *nisi* to show cause why injunction should not be granted upon the petition of Emma A. Howell, the Mayor & Council of Athens filed a demurrer. The demurrer was sustained and the injunction refused, to which decision the plaintiff excepted.

The petition alleged: Emma A. Howell owns property in Athens on which she pays taxes. She brought her petition in behalf of herself and all others similarly situated, who might elect to become parties. On August 27, 1892, the Mayor & Council of Athens passed an ordinance calling an election to be had on September 30, 1892, to determine the question whether the city should issue $125,000 worth of bonds, for the purpose of erecting water-works by the city. After due advertisement the election was held as required by the ordinance, and resulted in 448 votes for the issuance of bonds and 4 votes against. Under the provision of the constitution (Code, §5191), it was necessary for a vote of two thirds of the qualified voters of the city to authorize the issuance of the bonds. A large part of the qualified voters of the city did not vote at the election, thereby in effect expressing their disapproval of the issuance of the bonds. At the last general city election, previous to the election mentioned above, there were registered in the city 893 qualified voters, so that at the election upon the issuance of bonds a vote of two thirds of the qualified voters was not obtained therefor. There is in Athens a system of water-works erected by a private corporation under a contract with the city, adequate for all purposes. It would be greatly to petitioner's detriment, as an owner of property and taxpayer of the city, to have new works erected by the city, and these bonds issued and made a charge upon the taxable property of the city. Notwithstanding the fact that a requisite two thirds of the qualified voters have not approved the issuance of the bonds, the mayor and council have received bids for the bonds and are about to close a contract for their printing and sale. At the last general election held in Athens, after the registration mentioned, 310 voted, as appears from the tally-sheets of said election. Petitioner prayed that

defendant be enjoined from issuing the bonds, or, if issued, from selling them.

The demurrer was upon the ground that the petitioner was not entitled to injunction or other relief, no special registration being required by the charter of Athens for elections other than for mayor and council.

BIGBY, REED, BERRY & FOOTE and WILL HAIGHT, for plaintiff.

T. W. RUCKER, for defendant.