MAYOR & COUNCIL OF CHIPLEY *v.* LAYFIELD *et al.*

The act approved August 1, 1903 (Acts 1903, p. 489), purporting to amend the charter of the town of Chipley, in so far as it authorized the levy of an annual special tax "for the improvement of the school property of the town of Chipley," without submitting to the qualified voters of the municipality the question whether such a tax should be levied for the purpose mentioned, is contrary to the constitution of Georgia, art. 8, sec. 4, par. 1 (Civil Code, § 5909), and is therefore void.

Argued April 6,—Decided May 12, 1904.

Injunction. Before Judge Butt. Harris superior court. December 5, 1903.

*W. R. Jones* and *McLaughlin & Jones,* for plaintiff in error.
*J. D. Kilpatrick,* contra.

CANDLER, J.　Layfield and others, as citizens and taxpayers, filed a petition against the Mayor and Council of Chipley, an incorporated town in Harris county, to enjoin the collection of a tax which had been levied by the defendant. At the hearing an injunction was granted as prayed, and the defendant excepted. It appears that the town of Chipley was incorporated by an act of the General Assembly, approved December 9, 1882 (Acts 1882–3, p. 265), and that the charter was amended by an act approved October 6, 1885 (Acts 1884–5, p. 387). In neither the original charter nor the amendment was any authority given for the establishment or maintenance of a public school system. In 1903 the General Assembly passed an act the title of which was as follows: "An act to amend the charter of the town of Chipley, in Harris county, so as to allow the mayor and council to levy a special tax for school purposes, not to exceed one half of one per cent. per annum, the amount to be raised not to exceed twenty-five hundred dollars, and for other purposes." The body of the act purports to amend section 10 of the original charter, defining the powers of the mayor and council, so as to make that section read as follows: " Be it further enacted by the authority aforesaid, that said mayor and council shall have full power and authority to levy and collect a tax upon all and every species of property, real and personal, within the limits of said town (except school and church property), upon banking and insurance capital employed in said town ; provided, nevertheless, said tax so levied shall not exceed the State

3

tax on the same species of property or business, except that said mayor and council shall have power and authority, in addition thereto, to levy a special tax of not more than one half of one per cent. per annum upon all taxable property in said town, and all funds arising from said special tax shall be expended under the direction of said mayor and council for the improvement of the school property of the town of Chipley, but the total amount of money raised by said special tax shall not exceed twenty-five hundred dollars ($2,500.00); and when this amount shall have been raised, then the tax levied by said mayor and council shall not exceed the rate levied by the State on the same kind of property, and shall cover the total expenses of the town, both for running expenses and for school purposes." It was to enjoin the collection of a tax of one half of one per cent., levied under the provisions of this amendatory act, that the present petition was brought.

The constitution of 1877, article 8, section 4, paragraph 1 (Civil Code, § 5909), provides that authority may be granted to counties upon the recommendation of two grand juries, and to municipal corporations upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation; "but no such laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county or municipal corporation, and approved by a two-thirds vote of persons qualified to vote at such election." It would seem that this language is so clear that there should be no trouble whatever in ascertaining its meaning; but, as was said by Mr. Justice Crawford in the case of *Mayor of Rome* v. *McWilliams*, 67 *Ga.* 119, "it is very doubtful whether human legislation can be so framed as to defy the ingenuity of man in reaching, by construction and implication, the right to collect and disburse the public revenues illegally." The title of this act provides for an amendment to the charter of the town of Chipley so as to allow the levy of a tax for school purposes. The body of the act authorizes the levy of this tax every year. Taking the caption of the act and its body, and considering the allegations of the petition and the averments of the answer, we think the court below was justified in finding as a matter of fact that this was an attempt on the part of the mayor and council to levy a tax for the support of a school without first submitting to the

voters of the town the question whether or not they desired to establish such a school.    All that is decided in this case is that there was no authority to levy the tax in question under the terms of an act authorizing such a levy every year.    The purpose of the act was clearly to give to the mayor and council authority to raise $2,500 per year for the purpose of supporting a school.    The town having attempted to exercise the authority thus given it without the approval of two thirds of the qualified voters of the municipality, the collection of the tax was unauthorized; for the act could not take effect until approved by the voters in accordance with the plain provisions of the constitution.

Nothing embodied in the Political Code, §§ 719 et seq., will authorize the levy of such a tax as is proposed in the present case; nor do the decisions of this court in the cases of *Mayor of Rome* v. *McWilliams*, 67 *Ga.* 106, *Fleishel* v. *Hightower*, 62 *Ga.* 324, and *Mayor of Cartersville* v. *Baker*, 73 *Ga.* 686, constitute any authority therefor.    In their petition, which was under oath, the plaintiffs alleged that the scheme of the defendants was to establish a public school.    The answer averred that the school sought to be created was a private school.    This question of fact was determined by the court in favor of the plaintiffs; and that being so, there is nothing in any of the cases cited that would authorize a reversal of the judgment enjoining the collection of the tax.    In the *Cartersville* case it appeared that the charter of the City of Cartersville was amended in 1872, so as to authorize the levy of taxes to aid in building up schools as the authorities might think proper. . The constitution of 1877 expressly excepted from its provisions all local school systems in existence at the time of its adoption.    By that constitution the right of the City of Cartersville to aid schools was recognized and guaranteed, such right having been granted previously to its adoption.    Furthermore, the tax in that case had already been levied and collected.    The money was in the treasury, and the purpose of the appropriation was to erect a school building.    The case of *Rome* v. *McWilliams*, supra, was decided by a divided bench, and hence is not binding as authority on this court; but even if that were not the case, the purpose of the tax there involved was to carry out the objects for which the city was incorporated, to provide offices for the mayor and councilmen, to build fire-engine houses, and to construct other improve-

ments of a similar character. The case of *Fleishel* v. *Hightower*, supra, involved a question similar to that which was decided in *Cartersville* v. *Baker*, and for like reasons is to be distinguished from the case at bar. Neither section 719 nor section 720 of the Political Code authorizes the levy of any such tax as the one attempted in this case. On the other hand it would seem that these sections contain a limitation on the right to tax. But even if it could be held that they confer any such power, they are but a codification of the act of 1874, and so far as they contravene the constitutional provision to which we have referred they are of course of no effect. See, in this connection, *Bowen* v. *Greenesboro*, 79 *Ga.* 710; *Mayor of Madison* v. *Wade*, 88 *Ga.* 699; *Howell* v. *Athens*, 91 *Ga.* 139; *Mayor of Decatur* v. *Wilson*, 96 *Ga.* 251; *Albany Bottling Co.* v. *Watson*, 103 *Ga.* 503; *City Council of Dawson* v. *Dawson Waterworks Co.*, 106 *Ga.* 696.

*Judgment affirmed. All the Justices concur.*