## MOBLEY, superintendent of banks, *et al.* *v.* TOWN OF DOUGLASVILLE.

HILL, J. Construing the amendment to the petition in this case in the light of the decision when the case was formerly before this court (*Town of Douglasville* v. *Mobley*, 169 *Ga.* 53), the court below erred in allowing the amendment and in not dismissing the petition as amended. *Judgment reversed.* *All the Justices concur, Russell, C. J., and Hines, J., specially.*

No. 7789. DECEMBER 20, 1930.

640

C. N. Davie and J. F. Kemp, for plaintiffs in error.

J. R. Hutcheson and Astor Merritt, contra.

HINES, J. I adhere to my dissent from the opinion of the majority when this case was here before. As I did not then reduce to writing the grounds upon which I based my dissent, I do so now. I agree with the majority opinion in the position that the loan of the sinking-fund of the city to the bank was illegal; but I dissent from the conclusion drawn from this fact that the contract lending this money to the bank was ineffectual as a contract. The position of the majority on this point is not sustained by the case of *Mathews* v. *Darby*, 165 *Ga.* 509 (5) (141 S. E. 304), which is cited to support the same. In that case the suit was to enjoin the mayor and council of the City of Vidalia from diverting a sinking-fund provided for the redemption of its bonds; and this court held that the court below erred in refusing to enjoin the mayor and council of that city from diverting this fund. There the transaction was nipped in the bud. So in this case, if the proceeding had been brought to prevent the City of Douglasville from diverting this sinking-fund which had been provided to pay its bonded indebtedness, by lending it to the bank, the city should have been enjoined from such misapplication of the fund. But here the transaction had been consummated. The loan by the city had been made to the bank; and an indebtedness from the bank to the city had been created. It did not lie in the mouth of the bank to defend against the payment of its certificate of deposit on the ground that the treasurer of the city or the city itself made the loan in violation of the statute which provided for the investment of the sinking-fund of the city, although the transaction was illegal and could have been enjoined in the first instance by the city or its taxpayers. The principle, that, where two parties are engaged in an illegal transaction, a court of equity will leave them where it finds them, is not

applicable under the facts of this case. The certificate of deposit was a contract by which the bank agreed to pay to the city the money so deposited with it, and represented by its time certificate. The time certificate was a contract representing an indebtedness of the bank to the city. This being so, the city, under the act of 1925 (Acts 1925, pp. 119, 129; 12 Park's Code Supp. 1926, § 2268(s)), was entitled to be paid this deposit in preference to all other debts except those due the State. *Bennett* v. *Wilkes Co.,* 164 *Ga.* 790 (4) (139 S. E. 566); *Bank of Norman Park* v. *Colquitt County,* 169 *Ga.* 534 (150 S. E. 841). The priority of the city was fixed by the act of 1925; and this priority was not lost by the fact that the city renewed the original certificate of deposit by taking one after the passage of the act of 1927. Acts 1927, pp. 195, 199; 14 Park's Code Supp. 1928, § 2268(s). The priority of the city still existed under the new certificate.

I dissented also from the ruling made in the 7th headnote of the opinion. The principle that one who seeks equity must do equity, and give effect to all the equitable rights of the parties respecting the subject-matter of the suit, is wholly inapplicable to this case. That doctrine applies where a party receives a benefit under a transaction which he afterwards undertakes to repudiate and get rid of. In such a case the complaining party can not retain the fruits of a transaction or contract, and then repudiate it without returning to the other any fruits of the transaction which he had received by virtue thereof. In this case, the city was entitled, as a depositor in the bank, to share equally and ratably with other depositors in the fund raised from the liability of stockholders to the depositors of the bank. This it did. This, however, did not preclude the city from undertaking to enforce its priority in the general funds of the bank under the act of 1925. The city could resort to both funds for the payment of the indebtedness of the bank to it. Resort to one fund, from which it did not receive payment in full, would not preclude it from resorting to the other fund. It was entitled to the payment of its debt from both funds. In these circumstances the principle that a party can not take inconsistent positions in legal proceedings is inapplicable. The city did not take an inconsistent position. It had the right to pursue both funds; and the fact that it had pursued one of the funds, from which it could not be paid in full, did not prevent it from pursuing the other

fund. As the city had the right to collect its debt, as far as it could be done, from the fund raised for the payment of depositors in the bank, and was in no way attempting to repudiate the transaction under which it received a part of this fund, the doctrine applied by the majority in this division of the opinion is not applicable. The city properly received payments made to it from this fund; and the receipt of such payments did not have to be restored by the city before it could resort to the other fund. In each instance the city was prosecuting its legal rights.

For the above reasons I dissented from the opinion of the majority when the case was here before. That ruling, however, fixed the law of the case; and the law so fixed became binding upon the city, whether it was right or wrong; so I feel constrained to concur in the present opinion; but the opinion should not be held as a binding precedent in any other case in which this question may be involved. I am authorized to say that Russell, C. J., concurs in the above.