26961. LUTHER et al. v. DeKALB COUNTY et al.

GUNTER, Justice. Appellants filed a complaint in the trial court against DeKalb County and its Board of Commissioners seeking an injunction to prevent the defendants from using the proceeds derived from the sale of certain bonds for the purpose of constructing a "public safety building." It was the contention of the appellants that use of the funds for this purpose was an illegal diversion of public money inasmuch as the bonds had been approved by the electors of DeKalb County for other purposes.

The trial court disagreed with the appellants' contention, and this appeal results from his judgment denying a temporary injunction.

The electors of DeKalb County approved three separate bond issues. County jail bonds were approved for "the purpose of building and equipping modern and adequate jail and retention facilities." Police Department bonds were approved for "the purpose of building and equipping a modern and adequate headquarters for the county police." Fire Department bonds were approved for "the purpose of building and equipping a headquarters facility, a training facility and additional fire stations for the county fire department, for expanding existing fire station facilities and equipment."

Following the approval of these three bond issues by the electors, the Board of Commissioners of DeKalb County took the following action as reflected in the official minutes of the Board: "A motion was made by Commissioner Haynes, seconded by Commissioner Evans, and unanimously passed, to approve the recommendation to combine the new police and fire headquarters and jail in one facility, to be known as the Public Safety Building."

A site was acquired, a contract let, and construction was begun for the erection of this facility. The appellants filed suit urging that the proposed "Public Safety Building" was not voted upon by the electors, that the defend-

ants have no right to pool and divert the funds approved for the jail, the fire department, and the police department for the construction of a one-building facility, and that the bond-issue proposals voted upon by the electors were not broad enough in their language to allow the construction of a one-building facility.

We agree with the trial judge and affirm the judgment entered below.

It seems to us that it would be a rather strained construction of the purposes for which the bonds were voted upon and issued for us to hold that the fire department facilities, the jail and detention facilities, and the police headquarters would have to be erected in at least three separate buildings. *Code Ann.* § 87-201 provides that the notice of an election on the issue of bonds shall specify the purpose for which the bonds are being issued. This was done in this case in a very clear manner. And recognizing the rule that funds raised by a bond issue for a specific purpose by popular vote cannot be diverted to any other purpose whatsoever (see *Marks v. Richmond County,* 165 Ga. 316 (2) (140 SE 880)), we merely hold that the proposed use of the funds in this case is not a diversion from the purpose stated in the notice of the bond election.

*Judgment affirmed. All the Justices concur.*
ARGUED JANUARY 11, 1972—DECIDED APRIL 6, 1972—
REHEARING DENIED APRIL 20, 1972.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellees.