27837. PENDLEY et al. v. LAKE HARBIN CIVIC ASSOCIATION et al.
27838, 27839. LAKE HARBIN CIVIC ASSOCIATION et al. v. ABERCROMBIE et al.; and vice versa.
27840. PARTISS v. LAKE HARBIN CIVIC ASSOCIATION et al.

ARGUED APRIL 10, 1973 — DECIDED MAY 24, 1973.

*Johnson & McCarter, John M. McCarter, Ralph E. Carlisle,* for Pendley.
*Furman Smith, Jr.,* for Lake Harbin Civic Assn.

*John R. McCannon,* for Abercrombie.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, J. Arthur Mozley,* for Partiss.

GRICE, Presiding Judge. These three appeals and the cross appeal involve the grant of a temporary injunction prohibiting the use of three tracts of land as rezoned. The essential issues are whether a "public hearing" was held with respect to the rezoning applications and whether the evidence justified injunctive relief.

Lake Harbin Civic Association, an unincorporated nonprofit association, Ralph A. R. Adamson, Jerry E. Johnson and William C. Crane filed suit in the Superior Court of Clayton County against S. S. Abercrombie, Tommie Vaughn and Ronnie Jones, Commissioners of Clayton County; W. Richard Haynie, Chief Building Inspector of Clayton County; and David M. Pendley, H. Jack Pendley and Ken Partiss.

The complaint alleged inter alia that the following three applications for rezoning approved by the Commissioners of Clayton County on October 11 and 12, 1972, were illegal; two acres of land owned by David M. and H. Jack Pendley, hereinafter referred to as the Lake Harbin tract, from R-3 (apartments) to C-1 (suburban commercial); 16.8 acres owned by Ken Partiss, hereinafter referred to as the Mount Zion Commercial tract, from R-1A (single family residential) to C-1 (suburban commercial); and 72.4 acres owned by Ken Partiss, hereinafter referred to as the Mount Zion townhouse tract, from R-1A (single family residential) to R-4 (townhouse).

The plaintiffs were the unincorporated association of persons owning homes in the area affected by the three attempted rezonings, and three individuals owning homes directly adjoining the two tracts owned by the defendant Partiss.

The complaint set forth five counts and sought to temporarily enjoin the defendants David M. and H. Jack

Pendley and Partiss from developing or otherwise utilizing any part of the three tracts for a use other than that permitted prior to the purported rezoning. It also prayed that the defendant Haynie be temporarily enjoined from issuing any building permits for said tracts other than for a use which would have been permitted prior to the purported rezoning; and that the defendant board of commissioners be ordered to show cause why the purported rezoning of the three tracts should not be declared null and void.

After a hearing the trial court issued the following order: "This case came on regularly for hearing on December 6, 1972, with respect to plaintiffs' request for a preliminary or temporary injunction, and all parties appeared through counsel and presented evidence and arguments. Evidence in the form of affidavits, depositions, documents and oral testimony was admitted, and the Court has duly considered all of the evidence and all of the arguments of counsel. At the conclusion of the hearing plaintiffs withdrew and did not urge the claims for relief and allegations set forth in counts one and five of the complaint, and no injunctive or other relief is granted with respect to same. The court is of the opinion that under the evidence and the law applicable thereto plaintiffs are not entitled to relief with respect to the claims for relief and allegations set forth in counts three and four of the complaint, and no injunctive or other relief is granted with respect to same. With respect to the claims for relief and allegations set forth in Count Two of the complaint, the court is of the opinion that under the evidence in this case and the law applicable thereto plaintiffs are entitled to relief only with respect to the claim and allegations based upon the following:

"The evidence in this complaint for injunctive relief shows 36 zoning petitions were scheduled to be heard before the Commissioners of Clayton County on October 11, 1972, at 7:30 o'clock p. m.; that the hearings continued

until 3:30 o'clock a. m., October 12, 1972; that from 1,200 to 1,500 people were present to attend the public meeting; that the hearings were held in the commissioners' hearing room, which accommodates approximately fifty people; that there were three other larger rooms in the courthouse where the hearings could have been legally held; that people were packed so closely in the entire corridor outside the hearing room that those interested in various petitions could not get close to the door, much less inside the hearing room. Zoning is a matter of highest governmental business. The government's business should not be conducted in unreasonable places, at unreasonable hours. To do so would seem to defeat the intent of the General Assembly to insure reasonable, orderly, and public hearings when required by law. The court finds that conducting the county business of zoning after midnight and into the early morning hours, and on a day other than as previously advertised, and in one of the small public meeting rooms in the courthouse where only a small number of the approximately 1,200 to 1,500 people present had access, was unreasonable to the extent that the general public was deprived of an effective, meaningful public hearing before the commissioners of Clayton County to which they were entitled by law."

The trial court certified the order for immediate review and continued the temporary restraining order previously granted in full force and effect pending a jury trial.

All the defendants appeal from this order.

The plaintiffs' cross appeal is based upon the failure of the trial judge to grant relief under the remaining grounds of the complaint. The defendant Partiss subsequently filed a motion to dismiss the cross appeal.

■ The appeals of the defendants Pendley and the Clayton County officials enumerate as sole error the

above order. Although the defendant Partiss sets forth seven enumerations of error, there are only three basic questions raised by the three appeals, to-wit: (1) whether or not the meeting before the Clayton County Commissioners to consider the rezoning applications constituted a lawful public hearing; (2) whether there was any evidence that the plaintiffs suffered or would suffer imminent harm from the rezoning of the property; and (3) whether the purported rezonings were illegal.

(a) We conclude that the evidence here was sufficient to authorize the trial judge to grant the interlocutory injunction appealed from. "The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Code § 55-108.

The record discloses substantial evidence to support the findings of the trial judge, such as the following. One man swore that when he arrived for the hearing there was already an "enormous" crowd gathered in the hearing room and the hallway outside; that it took him thirty-five minutes to get from the hallway into the hearing room, which he managed only through the help of friends who were already inside; that there were no microphones in use and it was difficult to hear the proceedings even inside the hearing room; that when he asked the commissioners to clear the hearing room to let in persons who wanted to speak pro or con on each petition in turn they took no action on the request; and that he then left the hearing to enable some other interested person to have a chance to get in.

It was undisputed that when the Lake Harbin tract petition came up for hearing, one of the commissioners stated that he would vote for a deferral of the petition, but when questioned as to what this meant, voted for approval to rezone with a display of anger.

There was also evidence that the board of commissioners failed to conduct the proceedings in an orderly manner, whereas the planning commission two nights previously "was attentive, respectful and heard everyone out," and "conducted itself responsibly and appeared to be making a serious effort to evaluate the public interest involved in the rezonings"; that the planning commission had held its meeting on the same zoning petitions in the large courtroom in the Clayton County Courthouse instead of the small hearing room normally used; and that before the planning commission voted to recommend denial of the applications to rezone, there was an extensive discussion and consideration of evidence of the adverse effects it would have on traffic, education, water and sewage, and the general atmosphere of the area.

The defendants argue that everyone *at the hearing* who wanted to speak against the rezonings was able to do so, and that thus all requirements of a "public hearing" were met. This contention, however, overlooks the evidence that "at most, a hundred persons were able to cram into the commissioners' hearing room, literally jammed body to body"; but that the 1,200 to 1,500 people outside trying to get in had no opportunity to hear or be heard.

The defendants have not in any way shown that the court abused its discretion in holding, for purposes of a temporary injunction to maintain the status quo pending a final trial, that a "public hearing" had not been held. It is well settled that the discretion of a superior court judge in granting, refusing or continuing interlocutory injunctions, even where the evidence is conflicting, will not be interfered with in the absence of a showing of manifest abuse. See, e. g., *Gheesling v. Martin,* 176 Ga. 738 (2) (168 SE 767); *City of Atlanta v. Williams,* 218 Ga. 379 (1) (128 SE2d 41); *Bodziner v. Greenfield,* 219 Ga. 310 (133 SE2d 338); *Lawrence v. Harding,* 225 Ga. 148 (2) (166 SE2d 336), and cits.

However, the evidence contained in this record does not warrant a permanent injunction invalidating the entire rezoning hearing. Thirty-six rezoning applications were considered at the hearing. The hearing was held pursuant to notice properly advertised. The purpose of a rezoning hearing is to permit parties affected by the proposed rezoning to make their views with respect thereto known to the board of commissioners having authority to rezone land. To invalidate a rezoning hearing with respect to an application for rezoning that is being considered at the hearing, it is necessary for the party attacking the hearing as not being a "lawful and legal public hearing" to show that he or some other party vitally and materially affected by the decision made pursuant to the hearing was deprived of an opportunity to be heard at the hearing. He also has the burden of showing that the views and testimony that would have been given at the hearing were not merely cumulative of the views and the testimony that were actually presented at the hearing. It is thus seen that a rezoning hearing could be a "lawful and legal public hearing" with respect to some applications for rezoning considered at the hearing, and with respect to other applications considered, it could be that the legal requirements for a "lawful and legal public hearing" were not met. But this is an issue for determination at a final trial in the trial court.

However, the granting of a temporary injunction pending that final determination was not an abuse of discretion in these cases.

(b) There is likewise no merit in the contention of the defendants that there was no evidence of imminent harm to the plaintiffs to justify injunctive relief since no building permits had been issued as a result of the attempted rezoning actions.

The evidence is undisputed that the defendants Pendley and Partiss had requested the rezoning of the

tracts in question to allow construction of a shopping center and other projects. The plaintiffs introduced unrebutted lay and expert evidence that such construction would be harmful to the area, causing dangerous traffic conditions, inadequate water and sewage, overcrowded schools and other land use problems. For these reasons the Clayton County Planning Commission had voted to recommend denial of the application to rezone all three tracts.

Unless restrained, the defendants can at any time apply for and obtain building permits without the plaintiffs' knowledge. The grant of the temporary injunction merely maintains the status quo until the issues in litigation can be determined. *Atlanta Country Club v. Sanders,* 230 Ga. 146 (3) (195 SE2d 893).

However, if the plaintiffs wait until the defendants obtain a building permit and begin construction, they may be estopped or guilty of laches in bringing an action for injunctive relief. See *Whipkey v. Turner,* 206 Ga. 410 (2) (57 SE2d 481); *Goodwin v. First Baptist Church of Augusta,* 225 Ga. 448 (1) (169 SE2d 334).

Therefore it cannot be said that the grant of the interlocutory injunction was an abuse of discretion upon this ground.

(c) The question of the illegality of the rezoning actions under Ga. L. 1971, pp. 3054, 3056, Section 9A, which provides in pertinent part that "Any and all public hearings on zoning matters shall be held at a time most convenient to the average working person in Clayton County," must be regarded as moot.

The trial court ruled against the plaintiffs upon this ground and they did not enumerate it as error upon the cross appeal. Therefore this issue has been abandoned.

■ The plaintiffs enumerate three errors upon the cross appeal: (1) that the trial court erred in failing to grant relief under Count 2 of the complaint upon the ground that notice of two of the rezoning applications was

not properly posted as required by a Clayton County zoning resolution; (2) that it was error to fail to grant relief under count 3 declaring that the rezoning actions were unreasonable, arbitrary and an abuse of discretion, and therefore unconstitutional and void; and (3) alternatively, that the court erred in failing to rule that the statute under which the Commissioners of Clayton County derive the power to rezone property is unconstitutional and void.

(a) The evidence shows that the notice of the application for rezoning of the Mount Zion townhouse tract was defective in that the sign posted on that property did not contain the time of the hearing before the planning commission.

However, since the result of this hearing was the recommendation of the planning commission to deny the application to rezone, there is no evidence that the plaintiffs were harmed so as to justify temporary injunctive relief upon this ground.

Furthermore, since the evidence was disputed as to whether or not the required sign was posted on the Lake Harbin tract until five or six days before the hearing, it was not an abuse of discretion to deny injunctive relief as to this feature.

(b) Count 3 of the plaintiffs' complaint alleged in essence that the purported rezonings violated the "1983 Land Use and Thoroughfare Plan" prepared by the Clayton County Planning Department, and were contrary to the public interest, health and welfare in stated particulars.

The trial court correctly denied these claims for injunctive relief since this court has previously ruled adversely to such contentions. *Crawford v. Brewster,* 225 Ga. 404 (4) (169 SE2d 317).

(c) The plaintiff claimed in Count 4 of the complaint that Section 9 of Ga. L. 1949, pp. 223, 227, which empowers the Commissioners of Clayton County to zone,

without providing effective appeal or recourse to any court or higher tribunal for persons whose property is affected thereby, is a denial of due process and unconstitutional.

This contention cannot be maintained.

Section 10 of that Act (Ga. L. 1949, pp. 223, 228) expressly provides for a Board of Zoning Appeals with the power to summon witnesses, administer oaths and compel the giving of testimony in appeals from any regulations adopted pursuant to the Act. It also authorizes the filing of appeals in the superior court from any decision of the Board of Zoning Appeals. See also in this connection, *Kirkpatrick v. Candler,* 205 Ga. 449, 456 (53 SE2d 889) (1 Justice dissenting and 1 Justice disqualified); *Binford v. Western Electric Co.,* 219 Ga. 404, 407 (133 SE2d 361).

■ The defendant Partiss filed a motion to dismiss upon the ground that no enumeration of errors under separate cover had been filed in the cross appeal. The record discloses, however, that such enumeration of error was in fact timely filed. Accordingly, the motion is not meritorious.

For the foregoing reasons, the judgment of the trial court in the three appeals and in the cross appeal is affirmed.