### 31234. LINDSEY et al. v. GUHL et al.

INGRAM, Justice.

This appeal is from an order of DeKalb Superior Court denying relief to plaintiffs who sought an injunction and mandamus against the Board of Commissioners and various officials of DeKalb County. Plaintiffs are all residents of South DeKalb and filed this litigation on behalf of themselves and others similarly situated. The dispute which engendered the lawsuit involves the county's choice of a site in South DeKalb for a solid waste disposal landfill. After a hearing, the trial court declined to issue an interlocutory injunction and ruled that the plaintiffs were not entitled to a writ of mandamus. We affirm, as we find no reversible error.

The facts, in brief, are these: When it became apparent that renovation of the county incinerator to meet environmental protection standards was not economically feasible, and that existing county landfills were not adequate, the board of commissioners appointed a citizens task force to study proposed solid waste disposal sites. The task force considered 71 locations and recommended the selection of one South DeKalb site. A public hearing on the matter was held by the commission. Notice of the hearing was published in the county newspaper. After the hearing the commission approved the recommendation of the task force and directed the acquisition of the South DeKalb site and the closing of other landfill operations in the county. The expenditure of certain bond funds was authorized by the commissioners

to acquire the selected site. These funds had previously been obligated by referendum for use in renovating the county incinerator. Plaintiffs sought to enjoin the acquisition of the selected site and the expenditure of bond funds for this purpose. They also sought a writ of mandamus to require the county to use the bond funds for renovation of the county incinerator. After the trial court denied the interlocutory injunction and the writ of mandamus, plaintiffs appealed to this court and have enumerated 39 errors.

## I.

Plaintiffs cite as error in enumeration No. 2 the denial by the trial court of their application for a writ of mandamus. They argue that the writ should have issued requiring the board of commissioners to use certain 1970 general obligation bond funds for the projects approved in the bond election and not for the acquisition of the South DeKalb landfill site. Before a writ of mandamus will issue there must exist a legal duty the performance of which is required. *Bedingfield v. Adams,* 221 Ga. 69 (142 SE2d 915) (1965); *City of College Park v. Hamilton,* 220 Ga. 629 (140 SE2d 878) (1965). Plaintiffs, therefore, must show that the defendants were under legal compulsion to use the bond funds only for incinerator renovation. This has not been shown in the present case.

The 1970 bond issue approved $6,080,000 for expenditure, as follows: (a) $1,580,000 for a new kiln at the existing incinerator; (b) $1,500,000 for pollution control at the incinerator; (c) $3,000,000 for waste disposal facilities. On March 9, 1976, the board of commissioners directed the acquisition of the South DeKalb landfill site and appropriated for this use $931,504 from the 1970 bond issue and $912,980 from accrued interest earned on these funds. The appropriation was approved by a majority of the board.

Counties have consistently been prohibited from using bond funds approved for a particular purpose for another and different purpose. See *Luther v. DeKalb County,* 229 Ga. 18 (189 SE2d 387) (1972); *Touchton v. Echols County,* 211 Ga. 85, 88 (84 SE2d 81) (1954); *Board of Education of Paulding County v. Gray,* 203 Ga. 583 (47 SE2d 508) (1948); *City of Cornelia v. Wells,* 181 Ga. 554 (2)

(183 SE 66) (1935); *Allen v. City of Atlanta,* 166 Ga. 28 (2) (142 SE 262) (1927). Ga. L. 1968, p. 1007 at 1009 restates this principle: "Bond funds shall be expended in the manner in which advertised and for the purpose stated in such statement of intention." The statute, however, goes on to qualify this prohibition.

"The governing body in such counties may, by a two-thirds vote, declare any project which has been established pursuant to any such statement of intention to be unnecessary. The governing body of such counties may, by a two-thirds vote, transfer funds allocated from projects declared to be unnecessary to other projects encompassed within the language of the statement of purpose in the election notice." Ga. L. 1968, p. 1007 at 1009. Similarly, accumulated interest earned on bond funds may be transferred in accordance with these guidelines. Ga. L. 1968, p. 1007 at 1009.

The plaintiffs argue that this statute does not apply in this instance because the 1968 law was superseded by Ga. L. 1976, p. 1091 at 1093, which limits the use of funds approved for projects declared to be unnecessary to the reduction of bonded indebtedness. This statute became effective on March 31, 1976. Plaintiffs argue that the 1976 statute applies to any bond issue which was not transferred before March 31, 1976. The defendants contend that it applies only to bonds authorized and issued after March 31, 1976. We need not decide this issue because the trial judge correctly determined that all actions required by the 1968 statute to transfer bond funds and accumulated interest were accomplished before the effective date of the 1976 law.

The official minutes of the board of commissioners meeting of August 22, 1972, reflect that the incinerator kiln project was declared to be unnecessary. Pursuant to this finding the board unanimously transferred $1,580,000 from this project to other solid waste disposal facilities, including landfills. These funds, plus accrued interest, were the source of the appropriations made by the board at its March 9, 1976, meeting. This appropriation was approved by a two-thirds vote of the board of commissioners.

The decisive question then is whether the use of

these funds to acquire landfill sites is a purpose so different as to remove the project from the language of the statement of purpose in the election notice. The proposed use of these funds is consistent with the purpose as contemplated and as stated in the notice of election for the issue of the bonds. Therefore, plaintiffs' contention that the trial court erred in denying the writ of mandamus is without merit.

## II.

Plaintiffs cite as error in enumeration No. 1 the failure of the trial court to grant an interlocutory injunction to enjoin the acquisition of the selected South DeKalb site. The trial judge concluded that an injunction would require a showing of gross abuse of discretion by the defendants in the selection of the site or a failure to comply with the law in this regard, or a violation of the plaintiffs' constitutional rights. None of these abuses was found by the trial court and no error is shown in his ruling.

A county may exercise only those powers authorized by statute. *DeKalb County v. Atlanta Gas Light Co.,* 228 Ga. 512, 513 (2) (186 SE2d 732) (1972). But, when authorized, the governing body of a county has broad discretion in the exercise of these powers. *Terry v. Wade,* 149 Ga. 580 (1) (101 SE 539) (1919); *Dunn v. Beck,* 144 Ga. 148 (1) (86 SE 385) (1915). Of course, the actions of county commissioners can be set aside if there is a clear abuse of discretion (see, e.g., *Moore v. Mauldin,* 199 Ga. 780, 783 (35 SE2d 511) (1945)); if they fail to comply with the law in the exercise of their discretion (see, e.g., *Board of Drainage Commrs. v. Karr & Moore,* 157 Ga. 284 (121 SE 298) (1923)); or, if their actions are unconstitutional (see, e.g., *Barge v. Camp,* 209 Ga. 38 (70 SE2d 360) (1952)).

It is clear that the DeKalb County Board of Commissioners was acting within its authority in selecting a solid waste disposal site. Constitution of Ga. of 1945, Art. XI, Sec. I, Par. I (Code Ann. § 2-7801) (Rev. 1973); Art. XI, Sec. III, Par. I (Code Ann. § 2-7901a(2)(Rev. 1973). Therefore, to enjoin the board action in this case plaintiffs were required to show an abuse of discretion or a constitutional violation.

Plaintiffs complain that the defendants abused their discretion in several ways: (1) by directing the county to

acquire the selected landfill site without sufficient funds being available for the purpose; (2) by selecting the site without proper study or planning; (3) by authorizing the waste of county funds; (4) by unlawfully binding successor boards so as to prevent free legislation; and, (5) by unlawfully delegating its authority to the citizen task force.

Plaintiff's first contention is without merit. We have decided in Division 1 that funding was available for the purchase of the landfill site and was properly appropriated for this purpose. Plaintiffs' second contention is also without merit. The trial court found, and the record supports the finding, that there was no abuse of discretion in the selection of the South DeKalb site as the location for the landfill.

Plaintiffs also argue that the use of the bond funds would be waste and that such action should be enjoined. The record does not support this contention. There is no evidence that the defendants' action was ultra vires, or fraudulent and corrupt (see *Mathews v. Darby,* 165 Ga. 509 (3) (141 SE 304) (1927)); nor was there an unlawful disbursement of public funds (*Aiken v. Armistead,* 186 Ga. 368 (198 SE 237) (1938)), or an illegal appropriation (*Aven v. Steiner Cancer Hospital,* 189 Ga. 126 (5 SE2d 356) (1939)), or an illegal diversion of funds (*Barge v. Camp,* 209 Ga. 38 (1) (70 SE2d 360) (1952)). Absent a manifest abuse such as the foregoing, the board of commissioners' discretion will not be controlled by the court. This contention is without merit.

Plaintiffs also contend that the defendants, through their selection of the South DeKalb site, unlawfully bound successor boards and thus have prevented free legislation in contravention of Code Ann. § 69-202 (Rev. 1967). It is true that a county commission cannot limit its successors in the exercise of legislative power. *Barton v. Atkinson,* 228 Ga. 733 (3) (187 SE2d 835) (1972); *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850 (7) (118 SE2d 234) (1960). Such a restriction may not be imposed by ordinance (Code Ann. § 69-202 (Rev. 1967) or by contract. *Horkan v. City of Moultrie,* 136 Ga. 561 (2) (71 SE 785) (1911). However, in our opinion, this principle of law has no application to the legitimate use of bond funds for

an authorized public purpose as in the present case.

Plaintiffs also argue that defendants abused their discretion by unlawfully delegating the board's authority to the citizens task force. Their argument is that in approving the recommendation of the task force, the board abrogated its legislative power. This contention is without merit. The ultimate power to select the landfill site rested with the board of commissioners as the governing body of DeKalb County. As this court held in *Kellett v. Fulton County,* 215 Ga. 551, 555 (111 SE2d 364) (1959), ". . . there is nothing illegal or unconstitutional in [a] governing body . . . seeking advice and recommendations from various department heads, advisory committees, and the general public prior to taking official action."

The plaintiffs next raise several constitutional issues. First, they contend that they were denied due process of law because they were not accorded *personal notice* of the public hearing which preceded the selection of the landfill site. Their argument is that the proposed *operation of the landfill will depress the value of adjoining* property and the selection of the site will so adversely affect their property rights that it will amount to a deprivation of property. Thus, it is argued that published notice of the impending decision by the commissioners was inadequate as a matter of constitutional law. This contention is without merit. A mere decision by the governing body of a county to acquire land for an authorized public purpose, without more, in no way affects the constitutionally protected property rights of abutting landowners. In this factual situation the actions of the board of commissioners did not trigger due process considerations because there was no deprivation of property in any cognizable sense. Cf. *F. P. Plaza v. Waite,* 230 Ga. 161 (196 SE2d 141); cert. den. 414 U. S. 825 (1973).

Another constitutional argument advanced by the plaintiffs is that their property was "taken," by the action of defendants, for a public purpose without just and adequate compensation. Const. of 1945, Art. I, Sec. III, Par. I (Code Ann. § 2-301) (Rev. 1973). This constitutional provision will apply only if property is taken or damaged.

*Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527) (1963); *State Highway Dept. v. McClain,* 216 Ga. 1 (114 SE2d 125) (1960). No taking or damaging of any of the plaintiffs' properties has been shown in the present case. Cf. *MARTA v. Datry,* 235 Ga. 568 (220 SE2d 905) (1975).

In their final constitutional argument plaintiffs contend that they have been denied equal protection of the law in that the location of the only landfill in DeKalb County in the southern portion of the county will place a greater burden of government upon them than upon other residents. They argue that the residents of northern DeKalb will receive the benefits of garbage pickup but will bear none of the burdens of its disposal.

The plaintiffs urge that the situation in the instant case is analogous to situations where a tax is levied on one area for services to be rendered in another. If that were the case, plaintiffs' contention might have merit. See *City of Lithonia v. DeKalb County Bd. of Ed.,* 231 Ga. 150 (200 SE2d 698) (1973). These two situations, however, are not analogous because here there has been no tax levied by the defendants nor has any burden been directly imposed on the plaintiffs. There has been no contention that the costs of garbage disposal will be allocated unequally. Plaintiffs merely complain that some ancillary "burdens" of a governmental decision may fall on them and not others. In this situation, unless it can be shown that the governmental action was unreasonable or arbitrary and without a rational basis it will be sustained by the court. *McLennan v. Aldredge,* 223 Ga. 879 (159 SE2d 682) (1968). The provision of essential governmental services may indirectly burden some citizens more than others but this, without more, is not a denial of equal protection of the laws. Cf. *Camp v. MARTA,* 229 Ga. 35 (189 SE2d 56) (1972).

The plaintiffs' final argument under enumeration of error No. 1 is that the injunction should have issued because they were denied a public hearing under the rationale of *Pendley v. Lake Harbin Civic Association,* 230 Ga. 631 (198 SE2d 503) (1973). *Pendley,* however, is inapposite to the situation here under consideration. In *Pendley,* the decision turned on the fact that the board of commissioners failed to conduct a meaningful public

hearing on a zoning matter. In this case, plaintiffs cite no authority which would require a board of commissioners to hold a public hearing prior to making a decision on the location of a sanitary landfill in the county. Even if such a requirement existed, we must be mindful of our holding in *Pendley* that: ". . . [I]t is necessary for the party attacking the hearing . . . to show that he or some other party vitally and materially affected by the decision made pursuant to the hearing was deprived of an opportunity to be heard . . . He also has the burden of showing that the views and testimony that would have been given at the hearing were not merely cumulative of the views and the testimony that were actually presented at the hearing." *Pendley,* supra, at p. 637. The trial court found that at least two of the plaintiffs appeared at the hearing and presented their views in opposition to the site. We conclude this contention is without merit.

### III.

In enumeration of errors 3 through 38, plaintiffs complain of various rulings of the trial court on the admission or exclusion of testimony and evidence. Basically, the enumerations of error fall into three categories: (a) the improper admission of evidence and testimony; (b) the denial to plaintiffs of a "thorough and sifting" cross examination; and, (c) the improper exclusion of evidence.

Enumerations of error Nos. 7, 24, 29, 35, 37, 38 and 39 generally complain that the trial court improperly admitted evidence and testimony. This was an interlocutory hearing before a judge and without a jury. In such a situation, unless the record is clearly to the contrary, "it will be presumed that upon rendering his decision [the judge] considered only legal and admissible evidence." *Tyree v. Jackson,* 226 Ga. 690, 696 (177 SE2d 160) (1970). "[T]he rules of evidence are not as rigidly enforced on interlocutory hearings as on final trials. The grant or refusal of an interlocutory injunction is largely within the discretion of the trial judge, and is not a final determination of the case and of the rights of the parties. Therefore, not every infraction of the rules of evidence will require a reversal when the matter is at the interlocutory stage. *Griffith v. City of Hapeville,* 182 Ga.

333 (4) (185 SE 522); *State Hwy. Bd. v. City of Baxley,* 190 Ga. 292 (2) (9 SE2d 266); *Hill v. Agnew,* 199 Ga. 644, 648 (34 SE2d 702); *Pugh v. Moore,* 207 Ga. 453 (2) (62 SE2d 153); *S. A. Lynch Corp. v. Stone,* 211 Ga. 516 (2) (87 SE2d 57)." *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480, 488 (175 SE2d 847) (1970).

In enumerations of error Nos. 22, 23, 25, 26, 27, 30 and 31, plaintiffs complain that they were denied a thorough and sifting cross examination of various witnesses. Every party has this right. Code Ann. § 38-1705 (Rev. 1974). The scope of cross examination, however, is largely within the discretion of the trial judge. See *Proctor v. State,* 235 Ga. 720, 726 (221 SE2d 556) (1975). After examining the parts of the record cited by plaintiffs in this regard, we find no abuse of discretion by the trial court in limiting cross examination.

In Enumeration Nos. 4, 5, 6, 8, 9, 10, 11, 13, 15, 17, 18, 19, 20, 21, 28, 32, 33, 34, plaintiffs cite as error the exclusion by the trial court of certain testimony and other evidence. The evidence was excluded for a variety of reasons, but predominantly because it was objected to as irrelevant or conclusory. Even assuming that some of the testimony was erroneously excluded, we cannot say that it was "of vital or controlling character" so as to require reversal. *Griffith v. City of Hapeville,* 182 Ga. 333, 338 (185 SE 522) (1936). These enumerations are without merit.

In the remaining enumerations of error (3, 12, 14, 16 and 36), plaintiffs complain of a variety of rulings which are claimed to be harmful error. None of these enumerations warrants discussion. Suffice it to say that each of them has been considered and found to be without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 16, 1976 — DECIDED SEPTEMBER 7, 1976 —
REHEARING DENIED SEPTEMBER 27, 1976.

*Rich, Bass, Kidd & Witcher, Charles T. Bass, Dillard, Dillard & Shearer, George P. Dillard,* for appellants.

*Harvey, Willard & Elliott, Wendell K. Willard,* for appellees.