S92A0494. TWIGGS COUNTY et al. v. ATLANTA GAS LIGHT COMPANY et al.
S92A0493. TWIGGS COUNTY et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.
S92A0497. TWIGGS COUNTY et al. v. GEORGIA POWER COMPANY et al.
(417 SE2d 13)

FLETCHER, Justice.

Twiggs County seeks to uphold the validity of a county resolution and ordinance that regulate the use of county roads by utilities. Since both enactments exceed the county's authority, we affirm the trial court's injunction against their enforcement.

In 1987, Twiggs County encountered problems with damage to its roads from the use of county roads and rights-of-way by utilities. The Twiggs County Board of Commissioners passed a resolution that terminated permission or licenses given utilities to use the county rights-of-way for poles, lines, or any other purpose until further agreement and requested immediate removal of all utility property. In 1990, the county commission passed an ordinance requiring utilities to obtain a permit before installing or relocating any utility facility within or adjacent to the county rights-of-way and to notify the county about utility work on any property in the county. Southern Bell Telephone and Telegraph Company, Atlanta Gas Light Company, and Georgia Power

Company filed declaratory judgment actions challenging the 1987 resolution and 1990 ordinance and seeking an injunction against their enforcement. The trial court granted summary judgment to all three utilities and issued a permanent injunction. The county appeals.

1. A county may exercise only powers that are expressly given or necessarily implied from the express grant of other powers. *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. 512, 513 (186 SE2d 732) (1972); Ga. Const., Art. IX, Sec. I, Par. I (1983). The Georgia Code gives counties the power to establish reasonable regulations on the use of county roads by utilities. See OCGA § 32-4-42 (6), (10).[1] The county's governing authority has broad discretion in the exercise of this power, but a court may set aside the actions of county commissioners when there is a clear abuse of discretion, they fail to comply with the law in the exercise of their discretion, or their actions are unconstitutional. *Lindsey v. Guhl*, 237 Ga. 567, 570 (229 SE2d 354) (1976).

Southern Bell, Atlanta Gas Light, and Georgia Power are operating in the county under express grants from either the Twiggs County Board of Commissioners or the Georgia Public Service Commission. In 1987, the county exceeded its power when it rescinded the permission given the utilities and ordered the immediate removal of their property. See *City of Summerville v. Ga. Power Co.*, 205 Ga. 843, 844 (55 SE2d 540) (1949). A county may not forbid utilities from operating on the county roads under the guise of regulation. See *Ga. R. &c. Co. v. City of Atlanta*, 154 Ga. 731, 743 (115 SE 263) (1922); 12 E. McQuillin, The Law of Municipal Corporations, § 34.74 (3d rev. ed. 1986). The county commission abused its discretion in prohibiting the utilities from any use of the county rights-of-way. As a result, the 1987 resolution is void.

2. Although counties cannot ban utilities that are entitled to use county roads, counties can require permits and impose other demands

---

[1] OCGA § 32-4-42 (6) provides:

A county may grant permits and establish reasonable regulations for the installation, construction, maintenance, renewal, removal, and relocation of . . . equipment, facilities, or appliances of any utility in, on, along, over, or under the public roads of the county which are a part of the county road system lying outside the corporate limits of a municipality. However, such regulations shall not be more restrictive . . . than are equivalent regulations promulgated by the [Department of Transportation] with respect to utilities on the state highway system under authority of Code Section 32-6-174. As a condition precedent to the granting of such permits, the county may require application in writing . . . and may also require the applicant to furnish an indemnity bond or other acceptable security to pay any damages to any part of the county road system or to any member of the public caused by work of the utility performed under authority of such permit. . . . The county may also order the removal or discontinuance of the utility, equipment, facility, or appliances where such removal and relocation are made necessary by the construction or maintenance of any part of the county road system.

on the utilities so long as the regulations are not more restrictive than the equivalent regulations promulgated by the Department of Transportation (DOT) concerning utilities on the state highway system. See OCGA § 32-4-42 (6). Several provisions of the 1990 ordinance impose regulations that are more stringent than state law or regulations. First, the ordinance requires utilities to obtain a permit to install or relocate any equipment on public rights-of-way except in emergencies or for "minor installations or relocations." In contrast, DOT exempts five specific types of "maintenance activities" from its permit requirement. See Office of Utilities, Dept. of Transportation, Utility Accommodation Policy and Standards 2.4 (B), at 14-15 (1988). Second, the ordinance's procedures for notice, relocation, and payment of relocation or removal expenses do not conform with statutory procedures. See OCGA §§ 32-6-171; 32-6-173. Third, the ordinance's indemnity clause exceeds the statutory requirement that the utility "pay any damages . . . caused by work of the utility performed under authority of such permit." See OCGA § 32-4-42 (6). Finally, the provision requiring notice of utility work on any property in the unincorporated areas of the county, including private property, exceeds the county's power to regulate utilities on "public roads of the county which are a part of the county road system." See id.

The county commissioners have failed to comply with OCGA § 32-4-42 (6) in exercising their power to regulate the use of county roads by utilities. Because the invalid provisions of the ordinance are so intertwined with its general purpose that they cannot be severed, the 1990 ordinance is void. See *City Council v. Mangelly*, 243 Ga. 358 (254 SE2d 315) (1979).[2]

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Benham, Fletcher, JJ., Judge Robert P. Mallis and Judge Walter J. Matthews, concur; Judge Coy H. Temples concurs in the judgment only. Bell, Hunt, and Sears-Collins, JJ., disqualified.*

DECIDED JUNE 12, 1992.

*Sinnreich & Francisco, Elizabeth R. Francisco, John R. Francisco,* for Twiggs County et al.

*Jones, Cork & Miller, H. Jerome Strickland, W. Kerry Howell,* for Southern Bell.

*Troutman, Sanders, Lockerman & Ashmore, Donald W. Janney,* for Georgia Power.

*Chambless, Higdon & Carson, Joseph H. Chambless, Thomas F.*

---

[2] Since we have found the ordinance violates OCGA § 32-4-42, it is not necessary to decide whether the ordinance is also unconstitutional.

*Richardson,* for Atlanta Gas Light.