RAY *v.* RAY *et al.*

CANDLER, Justice. Cornelius P. Ray and Minnie Dooly were married in Fulton County, Georgia, on May 11, 1951. He died, intestate, from cancer of the pancreas on May 21, 1951, leaving an estate, consisting of realty and personality, of the probable value of $25,000. He left no father, mother, or lineal descendant. Soon thereafter, and on her application therefor, Minnie Dooly Ray was granted temporary letters of administration upon his unrepresented estate, and she qualified as temporary administratrix by giving bond as such in the sum of $20,000. As his widow, she applied to the Court of Ordinary of Fulton County for permanent letters of administration and for a year's support. George Ray and several others, claiming to be a majority of the heirs at law

of Cornelius P. Ray, and as such entitled to an undivided four-fifths of his estate, filed an equitable suit in Fulton County Superior Court against Minnie Dooly on June 28, 1951, and prayed: for process; that the purported marriage between her and Cornelius P. Ray be declared null and void; that the judgment granting temporary letters of administration to her upon the decedent's estate be set aside; that they be decreed to be the heirs at law of the deceased, and as such entitled to administer his estate; that the defendant be temporarily restrained and permanently enjoined from proceeding with her application for permanent letters of administration and with her petition for a year's support; and for general relief. Their petition, as twice amended and so far as need be stated here, alleges that the marriage between the defendant and Cornelius P. Ray was null and void because he was at the time of its pretended solemnization, and at all times thereafter until his death, mentally incompetent so to contract; and, consequently, the defendant was never his lawful wife and, therefore, has no legal right to represent his estate as administratrix, or take any interest in it as his widow. It was also alleged that the defendant is insolvent. The petition was demurred to generally upon the ground that the facts alleged therein are insufficient to authorize a court of equity to grant any of the relief sought. It was also demurred to specially upon several grounds. Some of the grounds of special demurrer were sustained, others were overruled, but the general demurrer was not passed on. Subject to her demurrers, the defendant filed an answer and thereby expressly denied that Cornelius P. Ray was mentally incompetent to contract marriage with her, as charged in the petition. She also denied that her marriage to him was null and void for any reason. At an interlocutory hearing, the parties introduced their evidence, which was conflicting, and the defendant was temporarily enjoined from proceeding with her application for permanent letters of administration and with her petition for a year's support. The exception is to that judgment and to the judgment overruling three grounds of her special demurrer. *Held:*

1. There are no circumstances disclosed by the record in this case which withdraw it from the operation of the well-settled rule that, "in hearings upon applications for interlocutory injunctions, where the evidence upon material issues of fact is in conflict, the grant or refusal of applications is within the discretion of the chancellor, and the exercise of his discretion in granting or refusing the relief prayed for will not be controlled unless manifestly abused." *Voyles* v. *Carr,* 173 *Ga.* 627 (2) (160 S. E. 801). No abuse of discretion appears in this case; and the evidence, though conflicting, was sufficient to authorize the relief granted.

2. For the reasons stated in *Shoaf* v. *Bland,* 208 *Ga.* 709, exceptions to the rulings of the trial court on special demurrers are premature, and will not be considered by this court.

*Judgment affirmed. All the Justices concur.*

No. 17675. ARGUED NOVEMBER 14, 1951—DECIDED FEBRUARY 13, 1952.

*J. Walter LeCraw* and *John H. Hudson,* for plaintiff in error.
*Hal Lindsay, Travers Hill* and *Newell Edenfield,* contra.