18735. MAYOR &c. OF SAVANNAH *et al. v.* COLLINS *et al.*

CANDLER, Justice. This litigation arose when 25 resident homeowners filed a suit to enjoin the defendants from erecting a fire station in an area of the City of Savannah which had been zoned for residences, apartments, and churches and on land which the city had acquired before the area was so zoned. In substance, the petition, after being twice amended, alleges that the City of Savannah cannot lawfully erect a fire station on land, though owned by it, which has been zoned for other and different uses; that the land which the city proposes to use as a location for a fire station had been previously dedicated by it to the public for park purposes; and that the city, acting through its governing body, had flagrantly abused its discretion in locating a site for its fire station, since it had, in doing so, acted arbitrarily, capriciously, and in bad faith. These allegations were positively denied by the defendants. At an interlocutory hearing the parties introduced much evidence, which is conflicting in many material respects. The exception is to a judgment granting a temporary injunction. *Held:*

1. Since a municipality unquestionably, and concededly in this case, has the right to condemn private property for a necessary governmental use, though it be located in an area which has been zoned for other and different uses, it necessarily follows that it may likewise use property for a necessary governmental use which it has acquired previously by purchase. The provision of our Constitution providing for zoning and the legislative act which authorized the City of Savannah to zone its territory will not be given a construction which will prevent the city from erecting a fire station, which is a necessary governmental use of property, in any area of the city, though it be zoned for other and different uses. To construe these provisions differently and so as to prevent the city's use of any property for a necessary governmental purpose, would offend that provision of our Constitution which declares that the right of eminent domain shall not be abridged. See, in this connection, 58 Am. Jur. 1008, § 120; McKinney *v.* City of High Point, 237 N. C. 66 (74 S. E. 2d 440), and the cases there cited.

2. Since the evidence, as to the issues of dedication to another public use and abuse of discretion by the city's governing body in selecting a site for its fire station, is in sharp conflict, it is well settled that this court will not interfere to control the discretion of the trial judge in granting a temporary injunction. Code § 55-108; *Ray v. Ray,* 208 *Ga.* 733 (69 S. E. 2d 261). See also *City of Abbeville v. Jay,* 205 *Ga.* 743 (55 S. E. 2d 129), and *Dyer v. Martin,* 132 *Ga.* 445 (64 S. E. 675).

3. For the reason stated in headnote 2, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 11, 1954—DECIDED NOVEMBER 8, 1954.

*Aaron Kravitch, James F. Glass,* for plaintiffs in error.
*Myrick & Myrick, Benjamin Silverman,* contra.