22227.   HERREN et al. v. BOARD OF EDUCATION
OF CITY OF MARIETTA et al.

Argued October 14, 1963—Decided November 7, 1963.

*Grubbs, Prosser & Burke,* for plaintiffs in error.

*Holcomb & McDuff, Robert E. McDuff, Hicks & Howard,* contra.

DUCKWORTH, Chief Justice. Despite the almost interminable criticisms throughout the intervention, we can and do place them in two classifications, to wit: (1) As taxpayers petitioners seek to prevent alleged expenditure of public funds to acquire by condemnation the land involved; and (2) As abutting landowners they seek to have enjoined anticipated use of the land after it is acquired. We deal with the case in the foregoing order.

■ As taxpayers the intervenors are entitled to prevent by injunction unlawful expenditure of public funds. *Martin v. Fulton County,* 213 Ga. 761 (101 SE2d 716) ; *Timbs v. Straub,* 216 Ga. 451 (117 SE2d 462) ; *Mitchell v. State Hwy. Dept.,* 216 Ga. 517 (118 SE2d 88). But the challenge of the authority of the condemnor to condemn for the purposes as stated is utterly without merit. *Code Ann.* § 2-7001 (Const. of 1945) ; Ga. L. 1890-91, p. 1014; *Code Ann.* §§ 32-951, 32-952 (Ga. L. 1956, p. 100) ; *Mayor &c. of Savannah v. Collins,* 211 Ga. 191 (84 SE2d 454). The attacks upon other legislative acts are so obviously invalid that we will not consume time and space to discuss them. They authorize this condemnor to acquire land for the purposes stated and this is enough to show a total want of ultra vires acts or want of authority. Hence the expenditure of public funds for this purpose is authorized by law. This phase of the intervention is subject to the demurrer, and the demurrer to same was correctly sustained.

■ But the intervenors would not stop at this and went further to assert that as owners of abutting lands they could, under *Code Ch.* 36-11, as amended, and our ruling in *Mitchell v. State Hwy. Dept.,* 216 Ga. 517, supra, intervene and have their objections adjudicated. Without here deciding if those so situated could intervene, but assuming that under the *Mitchell* case they could, we find that they do not show any grounds for relief. Admittedly, none of their property is being taken, and their sole claimed right is to prevent what they speculate will in the future constitute a nuisance. No facts are alleged or shown that the antici-

pated harm will follow with reasonable certainty. *Code* § 72-204. If the property after having been acquired should be used in a manner to constitute a nuisance, then and only then would equity intervene to avoid the nuisance. The stated intended uses do not per se constitute a nuisance, and presumably they will never become such. Therefore the alleged fears are imaginative, speculative and too remote to allow interference at this point. Consequently the intervention shows no grounds for relief in this phase, and the demurrer was properly sustained.

*Judgment affirmed. All the Justices concur.*