## 32241. DAVIS et al. v. JACKSON et al.

BOWLES, Justice.

The appellants brought this action individually and as representatives of a similarly situated class of persons, all of whom are employed by the City of Atlanta. They appealed the lower court's grant of appellees' motion for summary judgment based upon the appellants' lack of standing to maintain the suit.

The record shows that on January 20, 1975, an ordinance was enacted which directed the city's

commissioner of finance to establish a program of payroll deduction of union dues for employee organizations. Under this ordinance, the city was authorized to deduct a certain amount from an employee's paycheck if that employee had signed an authorization card permitting dues check-off and more than one-half of the total number of eligible employees within a particular governmental unit had become members of and authorized dues check-off to the union.

In June, 1975, the city determined that pursuant to the ordinance a majority of employees of appellant's governmental unit had become members of and had authorized dues check-off to the appellee, American Federation of State, County and Municipal Employees, commonly referred to as AFSCME. The following month, the city began deducting AFSCME dues from the wages of those employees for whom it had signed cards authorizing such deductions. Later in July, 1975, the appellants, describing themselves as employees within this defined unit, brought a class action suit in the Superior Court of Fulton County, against numerous officials of the City of Atlanta and the AFSCME union. They alleged that they had not desired to become members of AFSCME and had not authorized deductions from their pay for AFSCME dues. The appellants also alleged that check-off for AFSCME dues from the wages of any employee was improper in that it had not been authorized by a majority of the employees in the unit, and that therefore the acts and conduct of the appellees violated appellants' lawful rights under the Constitution and the laws of the State of Georgia.

The record indicates that at the time the city instituted dues check-off for AFSCME the city had in its possession check-off authorization cards from all employees from whose wages dues were deducted, including the appellants, but that some of the employees who had authorized check-off of AFSCME dues, including appellants, withdrew such authorizations prior to and during July, 1975. For administrative convenience the city waited until the end of July, 1975, to put into effect all withdrawals received prior to and during that month, thus resulting in July, 1975 dues being deducted from the

wages of those employees, including appellants, whose withdrawals were made effective that month.

While the union believed the city's application of the ordinance in July, 1975 was both reasonable and proper, they had no desire to retain money which employees believed had been taken from them improperly, and therefore, the appellees, in a pleading filed in the superior court, offered to refund the $5 in dues deducted for any member in the month of July, 1975, upon a showing that said employee submitted a withdrawal authorization card sometime prior to July 31, 1975. Although the appellants never accepted this offer, the offer remained open throughout the litigation and continues to remain open now.

After twice denying appellants' motion for a summary judgment, the superior court granted the appellees' motion for summary judgment on grounds that the appellants' only alleged injury was the deduction of dues for July, 1975, and since the appellants had been offered a refund of said dues they had no standing to challenge the city's deduction of AFSCME dues from the wages of other employees who had previously authorized such deductions and had never withdrawn their authorizations. *Held:*

Without reaching the merits of appellants' contentions, an examination of the complaint and the record below disclose no injury other than the deduction of AFSCME dues from appellants' wages in July, 1975. The union appellees have continually offered to refund those dues to the appellants; however, it is clear that these appellants seek more than the return of their $5 in dues for July, 1975. They seek a determination from the court that the City of Atlanta erroneously granted dues check-off and seek an order terminating the check-off to AFSCME.

This court has held that in order to maintain an action challenging a statute, or an administrative action, such as the grant of check-off to AFSCME, the plaintiff must show that "interest or rights of such complaining party are affected by the statute or the action of the agency. [Cits.]" *West v. Housing Authority of Atlanta,* 211 Ga. 133, 136 (84 SE2d 30) (1954). The simple existence of

an adverse effect on the appellants is not in itself sufficient. Appellants must also show that it is the feature of the statute or administrative action which they seek to attack that was the direct cause of the injury. *Payne v. Bradford,* 231 Ga. 487 (202 SE2d 422) (1973); *Bryant v. Prior Tire Company,* 230 Ga. 137 (196 SE2d 14) (1973). It is true, in the most indirect sense, that the grant of check-off to AFSCME affected appellants, in that their July, 1975 dues would not have been deducted had AFSCME not been granted check-off. But if appellants suffered any legal injury at all, it was not the granting of check-off to AFSCME which caused that injury, but the city's failure to effectuate their withdrawals prior to the July deduction. The appellants would not have been affected at all by the city's grant of check-off to AFSCME had they not earlier submitted check-off authorizations, and still would not have been affected if the city had put their withdrawals into effect before the July deduction. The union's willingness, in good faith, to restore the July dues to these appellants further convinces this court that the appellants have suffered no direct injury from the city's grant of check-off and have no standing to challenge that action.

Similarly, since the appellants are no longer within the class of those persons whose rights are adversely affected by the check-off and stand to suffer no harm by the continuation and presence of the check-off upon the books, they have no standing to challenge the continuation of the check-off subsequent to July, 1975, when they withdrew their authorizations. *Frances Wood Wilson Foundation v. Bell,* 223 Ga. 588, 589 (157 SE2d 287) (1967).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 10, 1977 — DECIDED
JUNE 20, 1977.

*Tom Carter,* for appellants.
*John E. Dougherty, David Crosland, Robert Stroup, Zwerdling & Maurer, A. L. Zwerdling, Larry P. Weinberg,* for appellees.