61828. H. R. KAMINSKY & SONS, INC. v. YARBROUGH et al.

BANKE, Judge.

Appellant H. R. Kaminsky & Sons, Inc. (Kaminsky), operates a garment manufacturing business. It filed suit against appellees Julian Yarbrough, Ed Weiss, and DiRoma Originals, Inc. (DiRoma), accusing them of conspiring to set up a competitive garment business using cutting patterns and confidential information allegedly obtained from Kaminsky by Yarbrough, a former employee who left to form his own business. Weiss is the president of DiRoma, another garment company, which formerly purchased goods from Kaminsky for resale.

DiRoma counterclaimed asserting that under its former con-

tract with Kaminsky, it had provided Kaminsky with material, patterns, and stitching machines to manufacture a certain style of trousers and that Kaminsky had violated the contract by selling some of the trousers under its own label. The counterclaim sought actual damages for the rental value of the machines and for conversion of the patterns and trousers, plus lost profits, punitive damages, and attorney fees. Yarbrough apparently counterclaimed to recover severance pay and damages for Kaminsky's use of his pickup truck, but this pleading is not in the record on appeal. Kaminsky amended its complaint prior to trial to assert an additional claim against DiRoma on open account in the amount of $4,761.95.

The court granted summary judgment against Kaminsky on the conspiracy claim, and the case proceeded to trial on Kaminsky's account claim against DiRoma and on the various counterclaims. Weiss testified that DiRoma did not owe the full amount of the alleged account indebtedness because Kaminsky had wasted $4,000 worth of the material supplied for the manufacture of the trousers, in violation of an agreement to use the material in an efficient manner. Although DiRoma had not previously raised this claim, Kaminsky did not object to the testimony; and the trial court later allowed DiRoma to amend its answer to assert the claim as a $4,000 "setoff." The jury returned a verdict for Kaminsky on the account claim in the amount of $761.95, rather than the $4,761.95 which Kaminsky had sought. They also found for DiRoma in the amount of $480 on its counterclaim for the rental value of the stitching machines and for Yarbrough in the amount of $3,420 on his counterclaim for severance pay and for the use of his truck. Kaminsky's motions for judgment notwithstanding the verdict and for new trial were denied, and this appeal followed. *Held:*

1. We reject DiRoma's contention that because its claim for the value of the wasted material was actually a claim for recoupment rather than "setoff," it was properly asserted as a defense rather than as a counterclaim. Setoff and recoupment are both counterclaims. See *Swim Dixie Pool Corp. v. Kraemer,* 157 Ga. App. 748 (1) (1981); *Gwinnett Commercial Bank v. Flake,* 151 Ga. App. 578, 579-580 (1) (260 SE2d 523) (1979). See generally Davis and Shulman, Georgia Prac. & Proc. 168, § 10-1, 3 Moore's, Federal Practice 13.02, n. 1. Nevertheless, if the court erred in allowing the pleading to be filed during the trial, the error was harmless in view of the fact that Kaminsky made no objection to the testimony which Weiss offered in support of the claim. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Code Ann. § 81A-115 (b).

2. Kaminsky argues that the wastage of material related to an earlier production account than the one which it was seeking to collect, and therefore that the claim was barred by the statute of limitation. However, the jury was entitled to conclude from the evidence that if there were multiple accounts, they related to only one course of dealing between the parties; and it was thus authorized to treat the claim as one for recoupment. See *Gem Knitting Mills v. Empire Printing &c. Co.,* 3 Ga. App. 709 (1) (60 SE 365) (1907). A properly asserted claim for recoupment is not barred by the statute of limitation. See *Swindell & Co. v. Bainbridge State Bank,* 3 Ga. App. 364, 371 (60 SE 13) (1907). See generally Code §§ 20-1311, 20-1314.

3. The trial court did not err in awarding summary judgment to the appellees on Kaminsky's conspiracy claim. The portion of the lower court record which has been transmitted to us contains only one document which bears on the conspiracy claim one way or the other—Weiss' deposition. In it, Weiss denies both that he conspired with Yarbrough to take anything of value from Kaminsky and that he had any financial interest in Yarbrough's new business. Although he admits that he told Yarbrough to remove his stitching machines from Kaminsky's plant, this cannot be regarded as a conversion of property because it is undisputed that Weiss owned the machines and that Kaminsky had no security interest in them. Compare *Cook v. Robinson,* 216 Ga. 328 (116 SE2d 742) (1960). It thus appears that, at the time the court ruled on the motions for summary judgment, the evidence of record refuted the conspiracy allegation.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 13, 1981.

*Ben B. Mills, Jr.,* for appellant.
*Rick Ellis,* for appellees.