43271. CONCERNED CITIZENS OF DOUGLAS COUNTY et al.
v. DOUGLAS COUNTY et al.
(344 SE2d 641)

MARSHALL, Chief Justice.

The appellants in this case are an unincorporated association and certain of its members. The association's membership consists of landowners adjoining a proposed site for a sanitary land fill in Douglas County. The appellants filed the instant complaint against the appellees, who are Douglas County, the members of the county's board of commissioners, and Kraft Land Services, Inc. The county entered into an agreement with Kraft, which agreement granted the county an option to purchase a tract of land which is the proposed site of the land fill. The appellants are seeking to enjoin the closing of the purchase of the tract and the issuance of a permanent land-use permit by the board of commissioners authorizing operation of the land fill. The superior court dismissed the complaint. This appeal follows.

These are the basic facts of the case:

On or about August 5, 1985, Douglas County, acting through its

---

board of commissioners, submitted an application to the Douglasville-Douglas County Planning Commission for a permanent land-use permit authorizing operation of a sanitary land fill on a tract of land consisting of approximately 1,000 acres. However, this tract was owned by appellee Kraft Land Services, Inc. Although the planning commission recommended denial of the application, the board of commissioners, on September 3, approved the application. On September 8, Kraft and the county entered into the agreement under which the county was granted the option to purchase the tract. This suit was filed on October 2.

Included in the record of this case is a certified copy of §§ 100-107 of the Zoning Regulations of Douglas County. Section 101 requires that a public hearing be held before adoption of any proposed amendment to the zoning regulations, and that at least 15-days' notice of the time and place of the hearing be published in a newspaper of general circulation. Section 103 applies to rezoning petitions "initiated by a person or persons other than the Planning Commission or Board of Commissioners." This section requires that the application be made 30 days prior to the public hearing, that a plat be furnished describing the tract to be rezoned, and that notice of the application be given to abutting property owners by regular mail at least 15 days prior to the public hearing.

The appellants state that the county's application for the land-use permit was filed under § 89 of the Zoning Regulations. Although a certified copy of this section has not been included in the record, the parties have no disagreement concerning its terms. This section authorizes the issuance of land-use permits without the necessity of rezoning, but it provides that the application procedure for land-use permits is the same as that set forth for rezoning. However, under subparagraph 2 (b) of § 89, the application procedures established therein are made applicable only to privately operated land fills. *Held*:

In exempting the county from compliance with the hearing and notification requirements applicable to other petitioners for rezoning, and in exempting the county from the requirement of obtaining a permanent land-use permit authorizing operation of a sanitary land fill, the county's zoning regulations recognize that a county may use its property for a necessary governmental use even though the property may be located in an area which has been zoned for other and different uses. *Pearson v. County of Tift*, 219 Ga. 254 (1) (132 SE2d 710) (1963), citing *Mayor &c. of Savannah v. Collins*, 211 Ga. 191 (1) (84 SE2d 454) (1954). "[A]lthough [issuance of the land-use permit] may, as a practical matter, have been a political necessity, [it] was in no way required under the law." *Evans v. Just Open Government*, 242 Ga. 834, 841 (7) (251 SE2d 546) (1979).

In this case, as in *Lindsey v. Guhl*, 237 Ga. 567, 574 (229 SE2d 354) (1976), "[P]laintiffs cite no authority which would require a board of commissioners to hold a public hearing prior to making a decision on the location of a sanitary land fill in the county." In holding that the owners of property adjoining a sanitary land-fill site were not entitled to personal notice of a public hearing which preceded selection of the site, this court in *Lindsey v. Guhl*, 237 Ga., supra at p. 572, stated, "[a] mere decision by the governing body of a county to acquire land for an authorized public purpose, without more, in no way affects the constitutionally protected property rights of abutting landowners."

However, in *Lindsey*, it was held that "the actions of county commissioners can be set aside if there is a clear abuse of discretion (see, e.g., *Moore v. Mauldin*, 199 Ga. 780, 783 (35 SE2d 511) (1945)); if they fail to comply with the law in the exercise of their discretion (see, e.g., *Board of Drainage Commrs. v. Karr & Moore*, 157 Ga. 284 (121 SE 298) (1923)); or, if their actions are unconstitutional (see, e.g., *Barge v. Camp*, 209 Ga. 38 (70 SE2d 360) (1952))." Id. at p. 570.

Here, the only allegations of the appellants in this regard are that the county paid too high a price for the property, that the county will not use the entire acreage purchased for operation of the sanitary land fill, and that the county has allowed Kraft to retain the timber rights to the property. Assuming these facts to be true, they do not establish that the actions of the commissioners were unconstitutional or constituted an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 24, 1986.

*Hendricks, Bodker & Reece, Curtis R. Boren*, for appellants.
*Joseph H. Fowler, Thomas M. Byrne*, for appellees.