S96A1438. NORFOLK SOUTHERN RAILWAY COMPANY
v. DEMPSEY.
(476 SE2d 577)

HUNSTEIN, Justice.

Norfolk Southern Railway Company installed a grade crossing over a section of its track in Floyd County in order to allow Dempsey and his predecessors, who owned the property to the west of Norfolk's track, to gain access to a county road that came to a dead end to the east of the track. It is uncontroverted that the initial use of the crossing was permissive. In the 1980's Dempsey obtained access off his property via a state highway constructed on the other side of the property; Dempsey then built a private road from the state highway access point and connected it with the road that led to the Norfolk grade crossing. In 1996, when Norfolk sought to close the crossing for

safety purposes, Dempsey filed a petition to enjoin the closure, asserting that he had acquired a prescriptive right to use the crossing. The trial court granted Dempsey an interlocutory injunction and Norfolk appeals. We affirm.

1. Norfolk contends that as a matter of law Dempsey failed to give it notice of his adverse claim to the grade crossing. It is well established that when the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of mere licensee to that of a prescriber. *First Christian Church v. Realty Investment Co.*, 180 Ga. 35 (2) (178 SE 303) (1935). The evidence before the trial court showed that Norfolk has a 100-foot right of way that extends 50 feet on each side from the center point of the track. Of this right of way, Norfolk alone has maintained and repaired the center 36-foot portion of the grade crossing, that is, the 18 feet on each side from the center point of the track. Dempsey adduced evidence that for over seven years he has maintained and repaired the last thirty-two feet of the fifty-foot portion of Norfolk's right of way that makes up the grade crossing on his side of the track.

Repairs made to a road may serve as notice to the owner that the user's previously permissive use of the road is adverse. *Chota, Inc. v. Woodley*, 251 Ga. 678, 679-680 (309 SE2d 132) (1983). "The gist of the requirement as to repairs is not so much the repairs as the *notice* which is given by the repairs." *First Christian Church*, supra at 39. Given the limited location of Dempsey's repairs combined with Norfolk's exclusive maintenance of the center portion of its right of way, it is a question for the factfinder whether Dempsey's repairs put Norfolk on notice of Dempsey's intent to appropriate the grade crossing as his own. See *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360, 362 (434 SE2d 477) (1993). See also *Charleston &c. R. Co. v. Fleming*, 118 Ga. 699, 703 (3) (45 SE 664) (1903) (it is "vitally necessary" for person claiming prescriptive right "to keep in repair that part of the road which crossed [the railroad's] right of way"). Further, because repairs might not serve as notice where they are made under the agreement permitting the use of the road, see *Nelson v. Girard*, 215 Ga. 518, 519-520 (2) (111 SE2d 60) (1959), and because an owner's repair and maintenance of a road may indicate the use thereof is permissive, see *Rothberg v. Peachtree Investments*, 220 Ga. 776 (2) (142 SE2d 264) (1965), it is also a question for the factfinder whether Dempsey's repairs to his portion of the crossing constituted notice of adverse use or were contained within Dempsey's permissive use of the crossing.

Where, as here, there exist conflicts regarding material issues of fact, this Court will not interfere to control the discretion vested in

the trial court in granting an interlocutory injunction. OCGA § 9-5-8; *Mayor of Savannah v. Collins*, 211 Ga. 191 (2) (84 SE2d 454) (1954). Accordingly, this enumeration presents no ground for reversal.

2. Norfolk contends the grant of the injunction was error because as a matter of law Dempsey's petition fails, in that the right of way claimed by Dempsey over the grade crossing is 24 feet wide and thus exceeds the statutory maximum width of 20 feet. OCGA § 44-9-40 (a). Although evidence adduced at the hearing on the interlocutory injunction reflected that the grade crossing maintained by Norfolk is 24 feet 6 inches wide, Dempsey responded to a question on redirect that "in regard to the right of way that goes across the crossing" his measurement reflected a pathway with a width of only 19 feet. Thus, contrary to Norfolk's position, a fact issue exists as to the width of the pathway allegedly established by Dempsey, and Norfolk has failed to show an abuse of the trial court's discretion in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 1996 —
RECONSIDERATION DENIED OCTOBER 31, 1996.

*Shaw, Maddox, Graham, Monk & Boling, James D. Maddox,* for appellant.
*Jones, Byington, Durham & Payne, Frank H. Jones,* for appellee.