## A00A1966. SOLID WASTE MANAGEMENT AUTHORITY OF CRISP COUNTY v. TRANSWASTE SERVICES, INC.

### (543 SE2d 98)

PHIPPS, Judge.

Transwaste Services, Inc. (Transwaste) filed this complaint against the Solid Waste Management Authority of Crisp County (the Authority) seeking a recovery for services rendered by Transwaste to the Authority under a contract styled Waste Collection and Transportation Agreement (WCTA). The Authority filed a counterclaim seeking to set off its liability to Transwaste on the claims asserted in the complaint against Transwaste's liability to the Authority for breach of certain guarantees made by Transwaste under another contract known as the Waste Service Agreement (WSA). The question is whether the Authority has waived its right of set-off. The trial court answered this question in the affirmative, as do we.

The Authority operates a solid waste processing facility. Under contracts with various governmental units, the Authority agreed to collect and dispose of solid waste produced throughout the state. Under the WCTA, the Authority subcontracted to Transwaste various duties owed by the Authority under its contracts with the governmental units. Under the WSA, Transwaste guaranteed that the total tonnage of waste delivered to the Authority by Transwaste and the governmental units would be sufficient to operate the facility on a break-even basis.

On March 12, 1999, Transwaste gave notice that the Authority was in default of payment obligations to it under the WCTA. On May 11, the Authority executed a promissory note payable to Transwaste on August 31 in the principal sum of $962,018.33. Services rendered by Transwaste to the Authority through December 31, 1998, provided the consideration for the note. On June 3, 1999, the Authority and Transwaste entered into an Interim Operating Agreement (IOA) to govern their rights and duties from January 1 through August 31, 1999. One of the provisions of the IOA states:

> This agreement is entered into with a full reservation of all of the rights of the parties under the terms of the existing agreements, except that the Authority waives any rights which it may have to contest its legal liability under the Promissory Note . . . and/or to contest the dollar amount of its indebtedness hereunder.

On September 27, Transwaste brought this action against the Authority. In Count 1 of its complaint, Transwaste seeks to recover the $962,018.33 principal balance due on the note, unpaid interest, and attorney fees. In Count 2 of the complaint, Transwaste seeks to

recover $1,290,336.33 for services rendered to the Authority for the period not covered by the note (i.e., after December 31, 1998).

The Authority, which is in a state of insolvency, answered the complaint and filed a counterclaim against Transwaste to recover $1,989,441.40 allegedly owed by Transwaste as a result of its breach of its break-even guarantee under the WSA from July 1 through December 31, 1998. The Authority claims that it is entitled to an equitable set-off of this debt against Transwaste's claims.

The trial court granted Transwaste's motion for judgment on the pleadings on Count 1 of its complaint because of the provision in the IOA under which the Authority waived any right to contest its legal liability under the promissory note.

The doctrine of set-off was created by courts of equity to allow the defendant to set off its liability to the plaintiff on the cause of action set forth in the complaint against an entirely different cause of action on which the plaintiff was liable to the defendant.[1] Historically, equity has taken jurisdiction to enforce a set-off primarily in cases involving an insolvent or nonresident plaintiff, due to the possibility that the defendant in those instances would be unable to perfect service on the plaintiff or obtain a collectible judgment against the plaintiff in a separate suit.[2] In Georgia, the right of set-off, both at law and in equity, is preserved by statute.[3]

But this is a right which may be waived.[4] The question is whether the Authority, in executing the IOA, waived its right to set off the debt owed by it to Transwaste under the promissory note and WCTA against Transwaste's claimed indebtedness to the Authority for breach of the WSA. The IOA was executed in 1999. The Authority claims that Transwaste breached the WSA in 1998. Therefore, the Authority's claim against Transwaste for breach of the WSA was in existence when the IOA was executed. Under the waiver language in the IOA, the parties could not reasonably have intended that the Authority could avoid paying part or all of the sums represented by the note on its due date by setting off sums allegedly owed by Transwaste to the Authority on a preexisting claim for breach of contract. We thus conclude that although the Authority has reserved its right to bring suit for breach of the WSA, it has waived its right to delay enforcement of the note through the device of set-off.

The Authority has asserted no grounds in law or equity to relieve it from its contractual waiver. Although insolvency by Transwaste might present grounds for allowing the Authority to utilize the set-off

[1] See *McLendon v. Galloway*, 216 Ga. 261, 262 (1) (116 SE2d 208) (1960).
[2] See id.; *Lester v. Goodyear Tire &c. Co.*, 156 Ga. App. 171 (2) (274 SE2d 143) (1980).
[3] OCGA §§ 13-7-1 et seq.; 23-2-76.
[4] 20 AmJur2d 236, Counterclaims, Recoupment & Setoff, § 12 (1995).

doctrine, the Authority's own insolvency does not. Nor does any need by the Authority for protection from asset-levying creditors constitute a defense to Transwaste's suit on the note. Matters such as this should be raised in bankruptcy proceedings rather than here.

*Judgment affirmed. Johnson, C. J., and Ellington, J., concur. Smith, P. J., not participating.*

DECIDED NOVEMBER 28, 2000.

*Sell & Melton, Edward S. Sell III, Jeffrey B. Hanson, Neil A. Halvorson,* for appellant.

*Jones, Cork & Miller, Hubert C. Lovein, Jr., Watson, Spence, Lowe & Chambless, Evans J. Plowden, Jr.,* for appellee.