A06A0530. HILL et al. v. GREEN TREE SERVICING, LLC.
(633 SE2d 451)

RUFFIN, Chief Judge.
Green Tree Servicing, LLC sought a writ of possession for a mobile home sold to Willie Hill and in the possession of Belinda Collins and Johnson Lee Collins, Jr. (collectively, "Appellants"). Appellants challenged the writ, asserting, under the defense of recoupment, that they owe Green Tree no money. The trial court

---

rejected this theory, granting Green Tree's motion for summary judgment and denying the motion filed by Appellants. This appeal ensued. Because we agree with the trial court that Appellants' defense fails as a matter of law, we affirm.

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] On appeal from a motion for summary judgment, we apply a de novo standard of review.[2] The relevant facts here are not in dispute. Hill, acting on behalf of the Collinses, purchased a mobile home on January 28, 1998. Appellants subsequently sued Conseco, which had financed the purchase, alleging fraud and other misconduct. A judgment in the amount of $88,113.60 was entered against Conseco on July 17, 2002.

Conseco filed a Chapter 11 bankruptcy petition on December 17, 2002. Appellants filed a proof of claim in the amount of $88,113.60 plus interest and punitive damages. On April 14, 2004, the bankruptcy court approved a settlement among the bankruptcy estate and Appellants in which Appellants accepted a general unsecured claim in the amount of $88,113.60 in exchange for releasing all other claims against Conseco. On August 9, 2004, Appellants received a distribution of $24,671.81 under the terms of the bankruptcy plan.

Appellants' loan with Conseco has been in default since November 2000. Green Tree, which had purchased Conseco's assets in the bankruptcy proceeding, sought a writ of possession to reclaim the mobile home. Appellants do not dispute that they owe Green Tree under the loan. Instead, Appellants assert that they are entitled to recoupment because Green Tree stands in the shoes of Conseco, and Conseco owes them money in excess of what they owe on the loan. Appellants contend that they are still owed $63,441.79, which is the $88,113.60 judgment less the bankruptcy distribution of $24,671.81. The trial court rejected this argument and granted summary judgment to Green Tree.

1. Appellants allege that the trial court erred in failing to dismiss the case for lack of subject matter jurisdiction. Appellants, however, provide no argument, citation to legal authority, or reference to the record in support of their position and we therefore deem it abandoned.[3]

---

[1] See OCGA § 9-11-56 (c).

[2] See *Auto-Owners Ins. Co. v. Parks*, 278 Ga. App. 444, 445 (629 SE2d 118) (2006).

[3] See Court of Appeals Rule 25 (c) (2); *Fay v. Custom One Homes*, 276 Ga. App. 188, 194 (4) (622 SE2d 870) (2005).

2. Appellants argue that the trial court erred in finding that they were not entitled to a recoupment defense in the writ of possession action. Georgia law defines recoupment as:

a right of the defendant to have a deduction from the amount of the plaintiff's damages for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought.[4]

Appellants have cited numerous bankruptcy cases for the proposition that recoupment is available in a bankruptcy proceeding. However, the cases cited do not address the factual scenario here, where a party seeks recoupment after entering into a voluntary settlement, waiving all other claims and remedies, and receiving a distribution in the bankruptcy case.

Appellants asserted in their bankruptcy proof of claim that they were "entitled to set off the amount they owe on the mobile home against the amount of the [j]udgment against Conseco . . . and [to] obtain title to the mobile home free and clear of all liens." Nonetheless, they voluntarily entered into a settlement agreement accepting a general unsecured claim, withdrawing their fraud litigation against Conseco, "releas[ing] any and all rights and claims against [Conseco] and any and all of its respective affiliates," and "acknowledg[ing] they have no remaining claim, remedy or recourse at law arising from the [proof of claim] against [Conseco] or the Post-Consummation Estate." Unlike the creditors in *In re Black*,[5] upon which Appellants rely, Appellants expressly agreed to release "all rights and claims" against Conseco and thus had "no remaining claim, remedy or recourse at law" arising from their claim for the amount of the judgment. Accordingly, Appellants gave up their right to later assert the amount of the judgment as a setoff or recoupment against their debt to Conseco in this action.[6]

We are not persuaded by Appellants' contention that recoupment is an equitable right rather than a claim and thus was not waived by

---

[4] OCGA § 13-7-2. We note that the right Appellants assert may in fact be one of setoff rather than recoupment. See OCGA § 13-7-1; *Straughair v. Palmieri*, 31 B.R. 111, 112 (N.D. Ga. 1983) (bankruptcy court found right to setoff where homeowners owed debtor/builder on deed to secure debt but had judgment against debtor/builder for latent defects in the home). This distinction does not change our analysis.

[5] 280 B.R. 680, 683-685 (I) (N.D. Ala. 2001).

[6] See *Solid Waste Mgmt. Auth. of Crisp County v. Transwaste Svcs.*, 247 Ga. App. 29, 30-31 (543 SE2d 98) (2000).

the settlement agreement. Under Georgia law, both setoff and recoupment are considered counterclaims.[7] And, notwithstanding the characterization of recoupment or setoff as a right or claim, the language of the settlement agreement is broad enough to encompass waiver of either. Appellants expressly waived any recourse against Conseco arising from the prior judgment; therefore, the trial court did not err in granting summary judgment to Green Tree and denying it to Appellants.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 26, 2006.

*Joseph H. Briley*, for appellants.
*Kenney, Solomon & Medina, Thomas S. Kenney*, for appellee.

---

[7] See *H. R. Kaminsky & Sons, Inc. v. Yarbrough*, 158 Ga. App. 523, 524 (1) (281 SE2d 289) (1981).