## A08A0065. HITCH et al. v. VASARHELYI et al.
### (662 SE2d 378)

RUFFIN, Presiding Judge.

William and Lucy Hitch ("the Hitches") filed suit against the Department of Natural Resources ("DNR"), the Coastal Resources Division of the Department of Natural Resources, the State of Georgia (collectively, "the State") and Jane Vasarhelyi, challenging the State's issuance of a license to Vasarhelyi for the building of a dock. The Hitches alleged multiple causes of action. After the trial court dismissed Vasarhelyi as a party, it entered several orders: (1) dismissing the complaint against the State for lack of standing and failure to state a claim; (2) requiring the Hitches to pay attorney fees to Vasarhelyi; and (3) closing the case. The Hitches appeal these three orders. Although we affirm the order dismissing the case, we vacate and remand the order requiring the payment of assessed attorney fees.

According to the Hitches, in 2003, Vasarhelyi applied for a permit to build a dock extending from her property over State-owned tidewater beds and marsh lands. Vasarhelyi apparently was required to seek authorization from the Army Corps of Engineers. In November 2003, the Corps issued a "Joint Public Notice" regarding Vasarhelyi's application, which invited interested persons to request a public hearing on the proposed project. The Hitches, who own property that adjoins Vasarhelyi's land, wrote to the Corps, expressing their objections to the construction of the dock and requesting a hearing. The Corps subsequently learned that the Georgia Department of Natural Resources had not approved the dock, and it denied Vasarhelyi's application without holding a hearing.

Vasarhelyi ultimately obtained a revocable license from the State of Georgia to construct the dock. Although several designs were proposed, the Coast Guard objected to a straight dock, and Vasarhelyi received permission to build a "dog leg" shaped dock. In October 2004, the Hitches filed a "Petition for Hearing," seeking an administrative hearing with the office of State Administrative Hearings ("OSAH") in which they could challenge the dock permit. The State, however, responded that it would not forward the petition to OSAH since, with respect to the management of State tidelands, the Department of Natural Resources acts pursuant to a delegation of

authority from the Governor, who is exempt from the Georgia Administrative Procedure Act.

On January 13, 2005, the Army Corps of Engineers sent the Hitches a letter informing them that the State had approved Vasarhelyi's request for a dock permit and that the Corps was thus re-processing the application. The Hitches were informed that if they still wanted to request a hearing, they would need to do so before January 27, 2005. There is no evidence that the Hitches sought a hearing. Instead, they filed suit in superior court against Vasarhelyi and the State alleging that, if Vasarhelyi constructed the dock, it would interfere with their ownership rights as the dock would "impair[ ] and impinge[ ] upon the[ir] view of the marsh and Skidaway River." The Hitches also alleged that construction of the dock "would . . . severely hamper the ability of the Hitches or their successors in interest to build a dock" on their property and would diminish the value of their property. The complaint contained numerous causes of action, including claims for: (1) declaratory judgment; (2) mandamus; (3) "unconstitutional taking"; (4) "regulatory taking and regulatory denial of due process"; (5) denial of due process; (6) "issuance of permit . . . contrary to the public interest"; (7) the State's exceeding its "legal and equitable authority, consider[ing] improper factors[,] and fail[ing] to act correctly and equitably in issuing the subject permit/license"; and (8) an equal protection violation.[1]

The State moved to dismiss the complaint arguing, inter alia, that the claims were barred by sovereign immunity and that the Hitches had failed to state a claim for which relief could be granted. The trial court granted the motion, finding that the Hitches lacked standing to challenge the grant of the license and failed to state a claim and that the claims against the State were barred by sovereign immunity.

At the Hitches' request, the trial court dismissed Vasarhelyi as a defendant. Vasarhelyi then moved for payment of assessed attorney fees and expenses pursuant to OCGA § 9-15-14. The trial court also granted this motion, ordering the Hitches to pay Vasarhelyi $10,000 in assessed fees for having filed a lawsuit that "was frivolous and without substantial justification." The trial court then entered a final order, closing the case. On appeal, the Hitches challenge all three rulings. We address each claim in turn.

1. A motion to dismiss "should be granted only when the petition shows with certainty that the plaintiff would not be entitled to relief

---

[1] The Hitches also alleged causes of action for trespass and nuisance, but they subsequently dismissed these claims.

under any state of facts that could be proved in support of the claim."[2] In interpreting a complaint, the issue is not whether a claim is ideally pled, but whether it is sufficient to give the defendant "fair notice of the claim and a general indication of the type of litigation involved."[3]

Here, the trial court dismissed the complaint based, in part, upon the Hitches' lack of standing. And a "trial court's determination regarding standing will not be reversed unless it is clearly erroneous, although any question of law inherent therein is subject to de novo review."[4] We have held that the standing analysis employed in zoning cases is also appropriate in cases involving "government action that threatens property owners' full use and enjoyment of their property."[5] Thus, in order to establish standing, a property owner must demonstrate both that he or she has a substantial interest in the governmental decision and that the property owner has sustained special damages.[6] With respect to damages, we have held that "mere allegations of speculative or contingent injuries will not establish standing."[7]

In their complaint, the only injuries the Hitches allege are that the construction of the dock would impair their view of the marsh and would hamper their ability to build a dock from their own property. However, as noted by the trial court, Vasarhelyi has not built the dock, and "[t]he issuance of [the] revocable license only serves the purpose of giving . . . Vasarhelyi permission to build across [S]tate land — it does not relieve . . . Vasarhelyi from compliance with other laws or give her the right to infringe on the rights of others." Under these circumstances, the trial court did not err in concluding that the Hitches lacked standing to pursue legal action against the State.[8] The case cited by the Hitches — *DBL, Inc. v. Carson*[9] — does not require a different result as, in that case, the docks at issue had been built and thus any injury was not speculative. In view of this holding, we need not address whether the trial

---

[2] (Punctuation omitted.) *Lathem v. Hestley*, 270 Ga. 849, 850 (514 SE2d 440) (1999).

[3] Id.

[4] (Footnote omitted.) *Hollberg v. Spalding County*, 281 Ga. App. 768, 772 (2) (637 SE2d 163) (2006).

[5] *DBL, Inc. v. Carson*, 262 Ga. App. 252, 254 (2) (585 SE2d 87) (2003).

[6] See *Hollberg*, supra at 773-774 (2) (a), (b).

[7] (Punctuation omitted.) Id. at 774 (2) (b).

[8] See *Bd. of Natural Resources v. Monroe County*, 252 Ga. App. 555, 557-559 (1) (556 SE2d 834) (2001).

[9] Supra.

court correctly found that the Hitches failed to state a claim for which relief could be granted.[10]

2. The Hitches also challenge the trial court's award of assessed attorney fees to Vasarhelyi under OCGA § 9-15-14. Pursuant to OCGA § 9-15-14 (b),

> [a trial] court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures.

"To make a valid award pursuant to this provision, however, the trial court must conduct an evidentiary hearing to determine the amount of reasonable and necessary attorney's fees."[11] In this case, both parties requested a hearing on the issue of assessed attorney fees, but no such hearing was held. It follows that this order must be vacated, and we remand the case to the trial court for the requisite hearing.[12]

3. In their final enumeration of error, the Hitches assert that the trial court erred in directing the clerk to close the case. But the Hitches have provided no argument, citation to legal authority, or reference to the record in support of this position, and it is thus deemed abandoned.[13]

*Judgment affirmed in part and vacated in part; and case remanded. Andrews and Bernes, JJ., concur.*

DECIDED MAY 22, 2008 

*Bouhan, Williams & Levy, Walter C. Hartridge*, for appellants.

---

[10] See *Magueur v. Dept. of Transp.*, 248 Ga. App. 575, 577 (547 SE2d 304) (2001) (a judgment that is right for any reason will be affirmed).

[11] *Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001).

[12] See *Rice v. Grubbs*, 281 Ga. 614 (641 SE2d 514) (2007).

[13] See *Hill v. Green Tree Servicing*, 280 Ga. App. 151, 152 (1) (633 SE2d 451) (2006).

*Thurbert E. Baker, Attorney General, Isaac Byrd, Deputy Attorney General, John E. Hennelly, Per Barge Normark, Assistant Attorneys General, H. Lehman Franklin, Jr., for appellees.*